No. 110,245

STATE OF KANSAS, *Appellee*, v. JEFF DICKEY, *Appellant*.

(350 P.3d 1054)

Opinion filed May 22, 2015.

*Samuel Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Anna M. Jumpponen*, assistant county attorney, argued the cause, and *Charles Ault-Duell*, assistant county attorney, *Ellen H. Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: The State appeals the Court of Appeals' decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), vacating Jeff Dickey's 16-month prison sentence for theft (a severity level 9 nonperson felony) and remanding for resentencing. The Court of Appeals reached this decision after concluding that the district court violated Dickey's constitutional rights as described in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by classifying Dickey's prior 1992 in-state juvenile adjudication for burglary as a person felony—resulting in Dickey having a criminal history score of A and placing him in the A-9 grid box of the Kansas Sentencing Guidelines.

The State argues that the Court of Appeals erred in reaching the merits of Dickey's *Descamps/Apprendi* argument (raised for the first time on appeal) because Dickey failed to challenge his criminal history score at sentencing and, in fact, stipulated to the accuracy of his criminal history shown in the presentence investigation (PSI) report prepared prior to his sentencing. Alternatively, the State argues that because *Descamps* involved the classification of a prior crime for purposes of imposing an enhanced sentence under the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924 (2012), *Descamps* is simply inapplicable to the issue of how Dickey's prior juvenile adjudication should be classified (*i.e.*, person or nonperson) for purposes of determining his criminal history score and, in turn, sentencing him under the guidelines. Thus, according to the State, *Descamps* does not provide a basis for vacating Dickey's sentence.

In his cross-petition for review, Dickey argues that the Court of Appeals erred in concluding that the legal reasoning of *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (holding that all out-of-state crimes occurring prior to July 1, 1993—the date the Kansas Sentencing Guidelines Act (KSGA) was implemented—must be classified as nonperson crimes) was inapplicable to determining whether his 1992 in-state juvenile adjudication for burglary was properly classified as a person felony.

Though we rely on a different legal basis than that cited by the Court of Appeals for reaching the merits of Dickey's *Descamps/Apprendi* argument, we agree with the panel's conclusion that Dickey's legal challenge to the classification of his prior burglary adjudication can be raised for the first time on appeal. Furthermore, we also agree with the panel that because the Kansas Sentencing Guidelines Act (KSGA) provides a specific method for classifying prior burglaries for criminal history purposes, see K.S.A. 2014 Supp. 21-6811(d), neither *Murdock*'s legal reasoning nor holding has any applicability to the classification issue raised in this case.

Finally, in order to classify a prior burglary conviction or adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a "dwelling," *i.e.*, "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence." K.S.A. 2014 Supp. 21-5111(k). But the burglary statute in effect when Dickey committed his prior burglary did not require evidence showing that the structure burglarized was a dwelling. See K.S.A. 1991 Supp. 21-3715. Thus, determining whether Dickey's prior burglary involved a dwelling would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction. Accordingly, we agree with the Court of Appeals that classifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*. Consequently, his sentence must be vacated and his case remanded to the district court for resentencing with instructions that his prior burglary adjudication be classified as a nonperson felony.

FACTS

On April 9, 2013, Dickey pled guilty to felony theft. A hearing was conducted on May 16, 2013, to consider sentencing on the theft conviction and whether to revoke Dickey's probation in four other cases.

A PSI report was prepared prior to the hearing showing that Dickey had 55 prior convictions, including 3 person felonies, 12 nonperson felonies, and 40 nonperson misdemeanors. The individual who prepared the PSI report designated Dickey's criminal history score an "A" based on the finding that Dickey had three prior adult convictions or juvenile adjudications for person felonies. See K.S.A. 2014 Supp. 21-6809 (offender falls into criminal history category A when offender's criminal history includes three or more adult convictions or juvenile adjudications for person felonies, in any combination). One of the three offenses scored as a person felony was a 1992 juvenile adjudication for burglary, which occurred prior to the enactment of the KSGA and the classification of crimes in Kansas as either person or nonperson.

Under K.S.A. 2014 Supp. 21-6811(d), in order to classify the 1992 burglary adjudication as a person felony, the person who prepared the PSI would have had to conclude that the 1992 burglary involved a "dwelling," which is defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence." K.S.A. 2014 Supp. 21-5111(k). At the time of Dickey's 1992 adjudication, burglary was defined as

"knowingly and without authority entering into or remaining within any: (1) Building, manufactured home, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.

"Burglary as described in subsection (1) is a class D felony. Burglary as described in subsection (2) is a class E felony." K.S.A. 1991 Supp. 21-3715.

As can be discerned from the statutory language, K.S.A. 1991 Supp. 21-3715 did not distinguish between a burglary of a dwelling versus a burglary of a nondwelling. Though the statute proscribed burglary of a "[b]uilding, manufactured home, mobile home, tent or other structure," it did not require a showing that the structure burglarized be a "dwelling," *i.e.*, was "used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k).

Notably, if a defendant challenges the person/nonperson classification of a prior burglary for criminal history purposes under K.S.A. 2014 Supp. 21-6814(c), then the State has the burden to prove by a preponderance of the evidence the facts required for the classification (*i.e.*, whether the prior burglary involved a dwelling or nondwelling). See K.S.A. 2014 Supp. 21-6811(d).

A certificate of service sheet attached to the PSI report shows that the report was served upon defense counsel via courthouse mail and U.S. mail on May 2, 2013. Dickey never filed any notice of error pursuant to K.S.A. 2014 Supp. 21-6814(c) ("Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error."). At the sentencing hearing on May 16, Dickey responded affirmatively when the court asked whether he had reviewed his criminal history and responded negatively when the court subsequently asked whether he had an objection to any of the convictions listed. Dickey testified in support of his motion for a downward departure sentence. During this testimony, defense counsel asked: "And you understand that for starters your criminal history A is that correct do you agree with that?" Dickey responded: "Yes, ma'am."

After hearing the testimony and the arguments of counsel, the district court denied Dickey's motion for downward departure and sentenced Dickey to 16 months' imprisonment (the standard sentence in the A-9 grid box) and ordered the sentence to run consecutive to his sentences in the four other criminal cases in which his probation was revoked. Dickey filed a timely notice of appeal.

Before the Court of Appeals, Dickey argued that the district court's classification of his 1992 burglary adjudication—resulting in him having a criminal history score of A—violated his rights under the Sixth Amendment to the United States Constitution as described in *Descamps* (filed after Dickey's sentencing) and *Apprendi*. Dickey conceded that he was raising this argument for the first time on appeal and that he failed to raise an objection to his reported criminal history score. But he contended that his argu-

ment implicated *Apprendi* and that based on *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000), issues implicating *Apprendi* could be raised for the first time on appeal because such claims (1) involved only questions of laws arising on undisputed facts and are determinative of the case; and (2) consideration of such issues are necessary to prevent the denial of fundamental rights. Dickey also maintained that his argument could be raised for the first time on appeal pursuant to K.S.A. 2014 Supp. 21-6820(e)(3), which states: "In any appeal, the appellate court may review a claim that . . . the sentencing court erred in ranking the crime severity level of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

The State argued *Descamps* had no application to this case because *Descamps* involved judicial factfinding at a federal sentencing hearing to determine whether a prior burglary conviction qualified as a predicate offense under the ACCA for purposes of imposing an enhanced sentence. Thus, according to the State, the case involved application of a federal sentencing statute and not application of constitutional law. Instead of *Descamps*, the State argued that the outcome of this case was controlled by prior Court of Appeals' decisions indicating that a pre-KSGA burglary conviction could be properly classified as a person felony if the underlying facts of the prior conviction showed that a dwelling was burglarized. See, *e.g.*, *State v. May*, 39 Kan. App. 2d 990, 186 P.3d 847 *rev. denied* 287 Kan. 768 (2008). Because Dickey failed to object to the classification of his 1992 burglary adjudication as a person felony, the State argued that the invited-error doctrine barred Dickey from challenging that classification on appeal. By not objecting at sentencing, the State contended that Dickey essentially stipulated to the fact that the 1992 burglary adjudication involved a dwelling, making it a person felony. Consequently, Dickey was bound by his stipulation on appeal.

In further support of his argument that his 1992 burglary adjudication should be classified as a nonperson felony, Dickey filed a letter with the Court of Appeals pursuant to Supreme Court Rule 6.09(b) (2014 Kan. Ct. R. Annot. 52) advising it of this court's

recent decision in *Murdock* (issued after Dickey's brief was filed), holding that all out-of-state crimes occurring prior to the enactment of the KSGA must be classified as nonperson offenses for criminal history purposes. Obviously, by citing to *Murdock*, Dickey believed that *Murdock*'s legal reasoning applied to pre-KSGA instate crimes.

In a published opinion, the Court of Appeals panel agreed with Dickey that his *Descamps* argument could be raised for the first time on appeal because it only involved a question of law on undisputed facts and was determinative of the case and because consideration of the argument was necessary to serve the ends of justice and to prevent the denial of a fundamental right. *Dickey*, 50 Kan. App. 2d at 474-75. With regard to the State's argument that the invited-error doctrine barred Dickey from raising his *Descamps* argument on appeal, the panel concluded that it was "completely irrational" to view Dickey's fleeting and perfunctory responses at sentencing to routine and prefatory questions as

"affirmative invitations by Dickey to count his 1992 juvenile adjudication for burglary as a person felony. To construe Dickey to have invited the court to do so for purposes of precluding him from pursuing his claim for relief not only counters the underlying purpose of the doctrine but also unnecessarily thwarts the ends of justice." 50 Kan. App. 2d at 492.

Accordingly, the panel addressed the merits of Dickey's *Descamps* argument. Before doing so, however, the panel analyzed this court's decision in *Murdock*. The panel reasoned that because *Murdock* addressed the issue of how to classify pre-KSGA out-of-state crimes for sentencing purposes—a situation for which the legislature had provided no explicit statutory guidance—*Murdock*'s reasoning for classifying such crimes as nonperson offenses was inapplicable to the situation here: how to classify a pre-KSGA in-state burglary conviction or adjudication. The court noted that K.S.A. 2013 Supp. 21-6811(d) specifically applied to the classification of in-state burglary convictions occurring before the enactment of the KSGA. Accordingly, the panel concluded that "neither the analysis nor the holding in *Murdock* apply to the issue presented in this case." *Dickey*, 50 Kan. App. 2d at 480.

With regard to whether classifying Dickey's 1992 burglary adjudication as a person felony violated his constitutional rights as described in *Descamps*, the panel noted that the burglary statute forming the basis of the 1992 adjudication was comprised of multiple, alternative versions of the crime, but none included an element relating to whether the structure burglarized was a dwelling. See K.S.A. 1991 Supp. 21-3715. Consequently, the panel concluded that classifying Dickey's 1992 burglary adjudication as a person felony would have necessarily required the district court to look beyond the elements of the 1991 burglary statute in search of record evidence to determine whether the burglary involved a dwelling—an undertaking the panel held was constitutionally proscribed by *Descamps* and *Apprendi*. Accordingly, the panel concluded that as a matter of law, Dickey's 1992 burglary adjudication should have been classified as a nonperson felony and, thus, vacated his sentence and remanded for resentencing. *Dickey*, 50 Kan. App. 2d at 486-90, 492.

Judge Pierron filed a concurring opinion, agreeing with the majority that Dickey's 1992 burglary adjudication must be classified as a nonperson felony. But, unlike the majority, Judge Pierron believed that *Murdock*'s reasoning was applicable to Dickey's case and dictated that his 1992 adjudication be classified as a nonperson felony. *Dickey*, 50 Kan. App. 2d at 492.

The State filed a petition for review arguing that (1) Dickey waived appellate review of the classification of his 1992 burglary adjudication because he failed to challenge the classification at sentencing; and (2) *Descamps* is inapplicable to the sentencing issue presented here because *Descamps* involved application of a federal sentencing enhancement statute. Dickey filed a cross-petition for review arguing that *Murdock* applies to his case and provides an alternative basis for classifying his burglary adjudication as a nonperson felony. This court granted the State's petition for review as well as Dickey's cross-petition for review.

## WAIVER

The State argues that the Court of Appeals erred in addressing the merits of Dickey's challenge to the classification of his prior

burglary adjudication because Dickey failed to raise an objection to the classification at sentencing and, in fact, stipulated to the accuracy of his criminal history score. Consequently, the State contends that Dickey is barred from challenging the classification on appeal based on the invited-error doctrine.

Though not relied on by either Dickey or the Court of Appeals as a means for raising his *Descamps* argument for the first time on appeal, K.S.A. 22-3504(1) specifically authorizes a court to "correct an illegal sentence at any time." This language has generally been interpreted to mean that "an illegal sentence issue may be considered for the first time on appeal." *State v. Floyd*, 296 Kan. 685, 690, 294 P.3d 318 (2013). See also *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013) ("This court may correct an illegal sentence *sua sponte*."); *State v. Scherzer*, 254 Kan. 926, 930, 869 P.2d 729 (1994) (Kansas courts have "specific statutory jurisdiction to correct an illegal sentence at any time."). However, opinions from this court have been split as to whether a defendant who fails to object or stipulates to his or her criminal history score at sentencing has waived a later challenge to the criminal history score on appeal.

In *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), the defendant sought to challenge for the first time on appeal the classification of a prior 1980 Virginia conviction as a person felony, which resulted in the defendant having a criminal history score of B. Notably, the defendant failed to provide written notice pursuant to K.S.A. 21-4715(c) (recodified at K.S.A. 2014 Supp. 21-6814[c]) of claimed errors within the proposed criminal history worksheet. Furthermore, defense counsel stipulated to the accuracy of the defendant's criminal history score listed in an amended PSI. But the record on appeal indicated that the district court never personally addressed the defendant at sentencing regarding his criminal history, and there was nothing in the record to indicate that the defendant was afforded an opportunity to review the amended PSI prior to sentencing. *Vandervort*, 276 Kan. at 173-75.

In addressing whether the defendant was procedurally barred from challenging his criminal history score on appeal, the *Vandervort* court quoted *State v. McBride*, 23 Kan. App. 2d 302, Syl. ¶ 3, 930 P.2d 618 (1996), stating "[t]he general rule regarding review

of an illegal sentence is that '[a] defendant who invites error by stipulating to his or her criminal history cannot request a correction of sentence under K.S.A. 22-3504 after pronouncement of sentence.' " *Vandervort*, 276 Kan. at 175-76. Despite acknowledging *McBride's* holding, the *Vandervort* court proceeded to review the facts of two Court of Appeals cases and noted that K.S.A. 21-4721(e)(3) (recodified at K.S.A. 2014 Supp. 21-6820[e][3]) establishes appellate jurisdiction to consider whether the sentencing court erred in determining the appropriate classification of a prior conviction. The *Vandervort* court then concluded that under limited circumstances, an appellate court can address alleged criminal history errors for the first time on appeal despite a stipulation or lack of an objection at sentencing. The court described those circumstances as being when there was no oral stipulation by the defendant in open court regarding the accuracy of the criminal history contained within the PSI report and that there was no opportunity for the defendant or defense counsel to review the criminal history prior to the sentencing hearing. Finding that those circumstances were present in the case before it, the *Vandervort* court proceeded to address the merits of the defendant's argument regarding the calculation of his criminal history score. 276 Kan. at 176-77.

In *McBride*—the Court of Appeals decision cited by the *Vandervort* court—the defendant stipulated to his criminal history score at sentencing but subsequently argued on appeal that his prior juvenile adjudication for burglary should have been scored as a nonperson felony instead of as a person felony. The defendant claimed that his resulting sentence was an illegal sentence and, thus, could be corrected at any time pursuant to K.S.A. 22-3504. The Court of Appeals, citing *State v. Thomas*, 220 Kan. 104, 106, 551 P.2d 873 (1976), in support, rejected the defendant's argument regarding the applicability of K.S.A. 22-3504, stating: "[T]he law is well settled that one who, by his or her own acts, invites error cannot then complain or take advantage of it on appeal." *McBride*, 23 Kan. App. 2d at 304. Because the defendant stipulated to his criminal history score at sentencing, the panel concluded that the

defendant had waived any argument on appeal regarding the inaccuracy of his criminal history score. 23 Kan. App. 2d at 304.

Notably, the court in *Thomas* applied the invited-error doctrine to an evidentiary question—not a sentencing issue. The defendant in *Thomas* claimed that the district court erred in preventing him from presenting evidence at trial showing that the victim, in exchange for a large sum of money, offered to "drop the case" against the defendant. 220 Kan. at 105-06. But prior to this occurrence at trial, the defendant had prevented the State from questioning the victim as to whether the defendant was the one who had made the initial offer of money. In concluding that the district court had not erred in excluding the evidence, the *Thomas* court stated:

"The [defendant's] successful exclusion of similar evidence is significant. It is settled law that one who by his acts invites error is in no position to complain or take advantage of it on appeal. [Citations omitted.] Thus, a party who has had evidence excluded is estopped to complain of the subsequent exclusion of similar evidence offered by him." 220 Kan. at 106.

This court later relied on *Vandervort* in *State v. Goeller*, 276 Kan. 578, 584-85, 77 P.3d 1272 (2003). In *Goeller*, the defendant stipulated to a criminal history score of F at sentencing. On appeal, he argued that the district court erred by including a felony conviction in his criminal history that either was or could have been used to increase the sentence for his current conviction of possession of marijuana. In declining to address the merits of the defendant's argument, the *Goeller* court acknowledged that "[g]enerally, under K.S.A. 21-4721(e), we have jurisdiction to consider whether the district court erred in determining the appropriate classification of [the defendant's] prior convictions." 276 Kan. at 585. But, relying on *Vandervort* (which relied on *McBride*, which, in turn, relied on *Thomas*—a case applying the invited-error doctrine to an evidentiary issue), the *Goeller* court reasoned that "[a] criminal defendant who stipulates to an incorrect criminal history score cannot later complain on appeal of an illegal sentence based on that score." *Goeller*, 276 Kan. 578, Syl. ¶ 6.

More recent cases from this court have interpreted K.S.A. 22-3504 as allowing challenges to criminal history scores and/or clas-

sifications of prior crimes to be raised for the first time on appeal despite a stipulation or lack of objection at sentencing. In *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), the defendant had three municipal misdemeanor convictions that were aggregated under K.S.A. 21-4711(a) (recodified at K.S.A. 2014 Supp. 21-6811[a]) to form a single person felony for purposes of calculating his criminal history score. Notably, the defendant never lodged an objection to his criminal history score at sentencing. The defendant appealed, challenging his criminal history score but not on the basis of the misdemeanors' aggregation. His convictions and sentences were later affirmed by the Court of Appeals. Approximately 7 years after his convictions, the defendant filed a motion to correct an illegal sentence based on his allegation that two of his municipal misdemeanor convictions were uncounseled but resulted in suspended jail sentences. Accordingly, the defendant argued that the convictions were constitutionally invalid and could not be considered in calculating his criminal history score. 292 Kan. at 626-27.

The district court and the Court of Appeals concluded that the defendant was procedurally barred from challenging the accuracy of his criminal history score in a motion to correct an illegal sentence because the defendant had already challenged the score on direct appeal. In other words, the defendant was improperly using a motion to correct an illegal sentence as a substitute for a second appeal. *Neal*, 292 Kan. at 628. This court in *Neal* disagreed, noting that though a defendant is generally required to raise all available issues on direct appeal, K.S.A. 22-3504(1) specifically states that a court " 'may correct an illegal sentence at any time.' " 292 Kan. at 630. The *Neal* court recognized that caselaw had previously defined an illegal sentence as one " 'imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served.' [Citations omitted]" 292 Kan. at 630. The court reasoned that the defendant's challenge to his criminal history score was

"necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform

with the statutory provision in the term of the punishment authorized . . . and, consequently, is an illegal sentence. Accordingly, K.S.A. 22-3504 is the proper vehicle for his claim. [Citation omitted.]" 292 Kan. at 631.

Accordingly, the *Neal* court proceeded to address the merits of the defendant's argument. 292 Kan. at 631.

A similar result was reached in *State v. Weber*, 297 Kan. 805, 304 P.3d 1262 (2013), where the defendant directly appealed the district court's designation of his prior Michigan conviction as a sexually violent crime for purposes of classifying him as an aggravated habitual sex offender and, in turn, imposing an enhanced sentence of life without the possibility of parole. The State argued that the defendant was procedurally barred from challenging the classification of the Michigan conviction on appeal because he had failed to challenge the classification at sentencing. Additionally, the State argued that defense counsel stipulated at sentencing that the defendant should be sentenced as an aggravated habitual sex offender. 297 Kan. at 813.

The *Weber* court rejected the State's waiver argument, stating that

"K.S.A. 22-3504(1) specifically authorizes a court to correct an illegal sentence at any time. We reiterated recently that this means that 'an illegal sentence issue may be considered for the first time on appeal.' [Citation omitted.] Moreover, if a prior conviction is erroneously included in the calculation of an enhanced sentence under the Habitual Criminal Act, the resulting sentence is illegal as not conforming to the statutorily authorized term of punishment. [Citation omitted.] Therefore, if the district court erroneously included the prior Michigan assault conviction in calculating [the defendant's] enhanced sentence under the aggravated habitual sex offender provision, the resulting sentence is illegal and is subject to challenge here and now." 297 Kan. at 813-14.

With regard to the State's argument concerning defense counsel's stipulation at sentencing, the *Weber* court agreed with the State that the defendant "should be bound by his counsel's stipulation of fact in the district court with respect to his criminal history, *i.e.*, the factual stipulation that Weber was convicted in Michigan of the crime of assault with intent to commit criminal sexual contact in the second degree." *Weber*, 297 Kan. at 814. But the court concluded that the "factual stipulation does not answer the

question before us, which is: what is the legal effect of that prior conviction on the imposition of an enhanced sentence." 297 Kan. at 814. The court acknowledged that defense counsel had stipulated that the prior Michigan conviction mandated that the defendant receive the enhanced sentence. However, the court noted that in prior cases, it had not permitted parties to stipulate to the legal conclusions drawn from admitted facts. The court stated:

"The legal question of whether [the defendant's] admitted criminal history was sufficient to meet the requirements of K.S.A. 2009 Supp. 21-4642(c)(1)(B), so as to define him as an aggravated habitual sex offender subject to enhanced sentencing, " 'must rest upon the court, uninfluenced by stipulations of the parties.' " [Citations omitted.] Therefore, despite the concession of [defense] counsel, 'we nevertheless must address the accuracy of the purported legal basis of [the defendant's] concession.' [Citation omitted]; see also *Ritchie Paving, Inc. v. City of Deerfield*, 275 Kan. 631, 641, 67 P.3d 843 (2003) ('Stipulations as to what the law is are not effective and not controlling on this court.').

"Perhaps more to the point here, 'Kansas law is clear that a defendant can't agree to an illegal sentence.' [Citations omitted.] Accordingly, the State's alleged procedural bar emanating from a defense stipulation . . . is simply unavailing." *Weber*, 297 Kan. at 814-15.

It appears that the legal reasoning of *Neal* and *Weber* is more sensible than the line of cases holding that a defendant waives a subsequent challenge to the classification of prior convictions or to his or her criminal history score if he or she stipulated or failed to object to the classification or score at sentencing. As *Weber* indicates, a defendant's stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions. *Weber*, 297 Kan. at 814-15. Accordingly, to the extent that *Vandervort, Goeller*, and *McBride* stand for the proposition that a legal challenge under K.S.A. 22-3504(1) is waived if the defendant stipulated or failed to object at sentencing to the classification of prior convictions or the resulting criminal history score, those cases are specifically overruled.

The State contends that determining whether a prior burglary conviction or adjudication should be classified as a person or non-person offense is a factual determination given that the classification is dependent on whether the prior burglary involved a dwelling. See K.S.A. 2014 Supp. 21-6811(d). Because Dickey never objected to the classification of his 1992 burglary adjudication as a person felony pursuant to K.S.A. 2014 Supp. 21-6814(c), the State contends that it was relieved of its burden at sentencing to prove by a preponderance of the evidence that the prior burglary involved a dwelling. See K.S.A. 2014 Supp. 21-6811(d). Accordingly, the State contends that the invited-error doctrine should apply in this case to bar Dickey from challenging the classification of his burglary adjudication on appeal.

The problem with the State's argument is that Dickey raised a pure legal argument on appeal for why his burglary adjudication was improperly classified as a person felony. As the Court of Appeals' panel in this case noted:

"Given [the] statutory language [of K.S.A. 2014 Supp. 21-6811(d)], it might appear as if the question presented on appeal—whether the sentencing court erred in counting Dickey's prior juvenile adjudication for burglary as a person felony and enhancing his sentence—can be answered by deciding whether the State established by a preponderance of the evidence that the 1992 juvenile adjudication for burglary involved a dwelling. But that is not the claim of error asserted by Dickey here. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ('Other than the *fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Emphasis added.]). Dickey claims the sentencing court violated *Apprendi* by going beyond the fact that he had a pre-KSGA unclassified prior adjudication for burglary to consider other facts in ultimately deciding that his prior burglary adjudication involved a dwelling and was a person felony, which in turn increased the penalty for his current crime beyond the prescribed statutory maximum.

"Based on the manner in which Dickey has framed the issue and the cases he relies on in support thereof, the question of whether the 1992 burglary actually involved a dwelling is irrelevant. Instead, the relevant question is whether the sentencing court was constitutionally permitted to go beyond the fact that Dickey had a prior adjudication for burglary in 1992 to determine that Dickey's prior adjudication for burglary qualified as a person felony and then to use that determination to enhance his current sentence. In order to answer that question, we must apply the analysis set forth by the United States Supreme Court in *Descamps*

v. *United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)." *Dickey*, 50 Kan. App. 2d at 481-82.

Again, the language of K.S.A. 22-3504(1) specifically authorizes a court to "correct an illegal sentence at any time." This language has generally been interpreted to mean that "an illegal sentence issue may be considered for the first time on appeal." *Floyd*, 296 Kan. at 690. This court has defined an "illegal sentence" as "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). As noted above, in *Neal*, this court concluded that a challenge to a district court's criminal history score calculation can be raised pursuant to K.S.A. 22-3504(1) because such a challenge essentially raises a claim that the sentence imposed does not conform with the applicable statutory provision regarding the term of punishment authorized for the current conviction. 292 Kan. at 631.

Though we rely on a different basis than the Court of Appeals did to address the merits of Dickey's argument, we agree with the Court of Appeals that Dickey's argument—a legal challenge to the classification of a prior adjudication for purposes of lowering his criminal history score—can be raised for first time on appeal pursuant to K.S.A. 22-3504(1). See *Neal*, 292 Kan. at 631.

Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. *State v. Murdock*, 299 Kan. 312, 314, 323 P.3d 846 (2014); see also *Makthepharak v. State*, 298 Kan. 573, 577-78, 314 P.3d 876 (2013) (Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which this court has unlimited review.).

## THE APPLICABILITY OF *STATE v. MURDOCK*

As noted above, before addressing Dickey's *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013),

argument, the Court of Appeals addressed whether this court's decision in *Murdock* (holding that all pre-KSGA out-of-state crimes must be classified as nonperson crimes for criminal history purposes) should be applied to the classification issue raised in this case. The *Murdock* decision considered and resolved two separate issues before reaching its ultimate holding. First, *Murdock* relied on *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), to conclude as a matter of law that when classifying a prior out-of-state conviction as person or nonperson, the out-of-state crime must be compared to the criminal statute in effect in Kansas at the time the prior out-of-state crime was committed. *Murdock*, 299 Kan. at 318. Second, because there was not a statutory provision within the KSGA directing how pre-KSGA out-of-state crimes should be classified for criminal history purposes, K.S.A. 21-4710(d)(8) dictated that such crimes had to be classified as nonperson offenses because, prior to the enactment of the KSGA, classification of crimes as person or nonperson did not exist. *Murdock*, 299 Kan. at 318-19.

As the *Dickey* panel recognized, unlike the prior convictions at issue in *Murdock*, there is a statutorily prescribed mechanism for classifying Dickey's 1992 juvenile adjudication for burglary. K.S.A. 2014 Supp. 21-6811(d) provides that a prior burglary conviction or adjudication will be classified for criminal history purposes as: (1) a person felony if the prior burglary conviction or adjudication involved a dwelling, or (2) a nonperson felony if the prior burglary conviction or adjudication did not involve a dwelling. Accordingly, the classification issue presented in this case is specifically controlled by K.S.A. 2014 Supp. 21-6811(d) and not *Murdock*. We will now address whether K.S.A. 2014 Supp. 21-6811(d) can be constitutionally applied to Dickey.

## DESCAMPS

In a thorough and comprehensive analysis of the United States Supreme Court's decision in *Descamps*, the Court of Appeals panel majority concluded that classifying Dickey's 1992 juvenile adjudication for burglary as a person felony would require judicial fact-finding in violation of Dickey's constitutional rights as described in

*Descamps* and *Apprendi*. *State v. Dickey*, 50 Kan. App. 2d 468, 485-91, 329 P.3d 1230 (2014).

Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review. *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002).

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by finding facts at sentencing. See *Shepard v. United States*, 544 U.S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (plurality opinion) ("[T]he Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence."). A narrow exception exists for judicial fact-finding regarding the existence of a prior conviction because of the procedural safeguards which attach to such a fact. *Apprendi*, 530 U.S. at 488. As a result, in the typical case under our sentencing guidelines, tabulating a defendant's prior convictions to determine the criminal history score, which usually has the effect of increasing a defendant's sentence, does not violate a defendant's jury trial rights. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

*Apprendi* is implicated, however, when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction. *Descamps*, 133 S. Ct. at 2288-89. In *Descamps*, the United States Supreme Court held that a defendant's prior conviction for burglary under California law could not be counted as a predicate offense for burglary under ACCA, which increases the sentences of defendants who have three prior convictions for violent felonies. Unlike the ACCA's "generic burglary" definition, the California burglary statute at issue did not require a "breaking and entering"; it provided that a "person who enters"

certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code § 459 (West 2010). Consequently, in order to determine whether the defendant's California burglary conviction qualified as a predicate offense under the ACCA, the sentencing court reviewed the underlying facts of the prior conviction to determine whether the facts showed that the defendant accomplished the burglary by breaking and entering. The *Descamps* Court held that this examination violated *Apprendi* because the sentencing court engaged in factfinding to determine whether the defendant's actions satisfied an element not contained within the California burglary statute. See 133 S. Ct. at 2281-87.

To determine whether a prior conviction qualifies as a predicate offense under the ACCA without violating *Apprendi*, the *Descamps* Court held that a sentencing court must use one of two approaches—the categorical approach or the modified categorical approach. *Descamps*,133 S. Ct. at 2281-84, 2287. A sentencing court applies the categorical approach when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime. A sentencing court simply compares "the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." 133 S. Ct. at 2281. If the elements of the prior conviction are the same as, or narrower than, the elements of the corresponding crime under the ACCA, then the prior conviction may be counted as a predicate offense for sentence-enhancement purposes under the ACCA. 133 S. Ct. at 2281, 2283.

The modified categorical approach applies when the statute forming the basis of the prior conviction is a "divisible statute," *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense. *Descamps*, 133 S. Ct. at 2281-82, 2284-86. Naturally, when a defendant's prior conviction arises under a divisible statute, a sentencing court cannot determine whether a defendant's prior conviction constitutes a predicate offense under the ACCA by merely examining the elements of the statute. Thus, without running afoul of *Apprendi*, a sentencing court is permitted to look

beyond the elements of the statute and examine a limited class of documents to determine "which of a statute's alternative elements formed the basis of the defendant's prior conviction." 133 S. Ct. at 2284. Such documents include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).

The *Descamps* Court clarified that the modified categorical approach is prohibited if the statute is not divisible, *i.e.*, contains one set of elements defining the crime. 133 S. Ct. at 2281-83. And, as the panel in this case astutely pointed out, even if the statute is divisible, the modified categorical approach may not apply

"because, in some cases, *none of the alternative elements will match any elements of the corresponding generic crime*. Post-*Descamps*, a case involving a prior statute of conviction for burglary containing alternative elements, none of which match any element of a generic statute, is virtually indistinguishable from a case involving a prior statute of conviction for burglary containing a single and indivisible set of elements; thus, the modified approach has no role to play." (Emphasis added.) *Dickey*, 50 Kan. App. 2d at 487.

See also *Descamps*, 133 S. Ct. at 2286 ("Our decisions authorize review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not [as here] overbroadly, but instead alternatively, *with one statutory phrase corresponding to the generic crime and another not*. In that circumstance, a court may look to the additional documents to determine which of the statutory offenses [generic or non-generic] formed the basis of the defendant's [prior] conviction." [Emphasis added.])

The categorical approach and modified categorical approach described in *Descamps* ensure that sentencing courts, when examining a prior conviction for sentencing purposes, do not engage in factfinding in violation of *Apprendi* by attempting to determine whether a defendant's actions satisfied an element not contained within the statute under which the defendant's prior conviction arose. See *Descamps*, 133 S. Ct. at 2281-87. Though *Descamps* involved determining whether a prior conviction qualified as a

predicate offense under the ACCA, the methods *Descamps* outlined for making this determination in a constitutionally valid manner necessarily apply to determining whether a prior burglary conviction should be classified as a person or nonperson felony under the KSGA.

Applying *Descamps* here, K.S.A. 2014 Supp. 21-6811(d) states that a prior burglary conviction or adjudication will be classified as a person felony if the prior burglary involved a "dwelling," which is defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). At the time of Dickey's 1992 adjudication, burglary was defined as

"knowingly and without authority entering into or remaining within any: (1) Building, manufactured home, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.

"Burglary as described in subsection (1) is a class D felony. Burglary as described in subsection (2) is a class E felony." K.S.A. 1991 Supp. 21-3715.

Though the burglary statute forming the basis for Dickey's prior juvenile adjudication was comprised of multiple, alternative versions of the crime, none included an element requiring that the structure burglarized be a dwelling, *i.e.*, "used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). Consequently, employing either a categorical approach or a modified categorical approach to determine whether Dickey's prior burglary adjudication involved a dwelling would be constitutionally prohibited under *Descamps* and *Apprendi*. See *Descamps*, 133 S. Ct. at 2288-89.

Based on the above analysis, the district court was constitutionally prohibited from classifying Dickey's prior burglary adjudication as a person felony because doing so would have necessarily resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. Because burglary of a "dwelling" (as that term is defined in K.S.A. 2014 Supp. 21-5111[k]) was

not included within the statutory elements making up Dickey's prior burglary adjudication, the burglary adjudication should have been classified as a nonperson felony.

Accordingly, we affirm the Court of Appeals' decision vacating Dickey's sentence and remand the case to the district court for resentencing with directions that Dickey's 1992 adjudication for burglary be classified as a nonperson felony for purposes of calculating his criminal history score. Judgment of the district court is reversed and remanded.