NOT DESIGNATED FOR PUBLICATION

No. 115,981

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIERRE P. RIOJAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed June 9, 2017. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez Law Office, of Liberal, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*:  When the judge here realized that Pierre P. Riojas' criminal history score would remain unchanged even with the elimination from his record of two pre-1993 juvenile adjudications for burglary, as Riojas asked to do, the judge denied any relief because Riojas' sentence was not illegal. The judge was correct. Since the law provides the combination of every three class A and class B person misdemeanor convictions are equivalent to a person felony conviction, Riojas still has sufficient person felony convictions to set his criminal history score as A. We affirm.

1

Riojas, convicted of theft, a severity level 9 nonperson felony, for a crime he committed on September 19, 1998, received a sentence of 16 months' imprisonment and 24 months' postrelease supervision. This sentence was concurrent with his sentences in three other cases which are the subject of similar appeals in Nos. 115,348, 115,349, 115,350, and 115,351. His sentence was affirmed in a prior appeal. See *State v. Riojas*, No. 84,453, unpublished opinion filed March 23, 2001 (Kan. App.).

The sentencing court found Riojas' criminal history score was A. His presentence investigation report listed a total of five person felonies. His criminal history included the following criminal convictions and juvenile adjudications scored as person felonies:

- Attempted aggravated robbery    May 5, 1999    98CR646
- Burglary    May 5, 1999    98CR514
- Burglary    July 13, 1992    92JV225
- Burglary    July 13, 1992    92JV170

In addition, his criminal history included 6 person misdemeanors:

- Interference with parental custody    June 15, 1998    98CR199
- Battery    August 22, 1996    96CR63
- Battery    April 6, 1995    94CR328
- Battery    October 4, 1994    94MCR0570
- Battery    July 13, 1992    92JV176
- Battery    July 13, 1992    92JV70

Three of the adult person misdemeanors were converted to one person felony on the presentence investigation report for a total of five person felonies and three person misdemeanors.

At sentencing, Riojas did not object to his criminal history. Because of that, he cannot now deny the existence of any of his convictions but can argue about their effect on his sentence.

An illegal sentence is

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Riojas claims his sentence is illegal because it does not conform to the applicable statutory provision because two juvenile adjudications were included in his criminal history.

In 2015, Riojas filed a pro se motion to correct an illegal sentence. The court appointed him counsel. After taking arguments from both sides, the court denied his motion, reasoning that since his criminal history remained the same due to his extensive criminal history, elimination of the two juvenile adjudications would have no effect on his sentence.

We find no error in the judge's assessment. Riojas had a total of five person felonies listed on his presentence investigation report. Riojas only contests the classification of two of the person felonies. But three person felony convictions result in a criminal history score of A. See K.S.A. 21-4709.

Riojas had two adult person felony convictions—attempted aggravated robbery and burglary from 1999. In addition, K.S.A. 1998 Supp. 21-4711(a) provided that "[e]very three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." Riojas had six misdemeanor person convictions and adjudications—five counts of battery and one count of interference with parental custody. Three of the misdemeanors were converted to one person felony on Riojas' presentence investigation report.

Because Riojas' criminal history included at least five person felonies, his sentence is legal even if we drop his two pre-1993 burglary adjudications. See *State v. Hadley*, No. 113,371, 2016 WL 1546020, at *5 (Kan. App. 2016), *rev. denied* April 19, 2017.

Here, the district court recognized that without considering the two pre-1993 burglary adjudications, the sentence imposed by the district court conformed to the statutory provision in terms of the authorized punishment because there were at least three other person felonies for criminal history purposes. The court properly denied Riojas' motion to correct an illegal sentence on that basis.

Affirmed.