NOT DESIGNATED FOR PUBLICATION

No. 120,807

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE VASQUEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed May 8, 2020. Sentence vacated and remanded with directions.

*Korey A Kaul*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., WARNER, J. and ROBERT J. WONNELL, District Judge, assigned.


PER CURIAM: In December 2017, Jose Vasquez pleaded guilty to an offender registration violation. The presentence investigation report (PSI) stated that Vasquez' criminal history score was a B because it classified two prior crimes as person felonies: a 2013 Kansas conviction of criminal threat and a 1983 New Jersey conviction of "Sexual Assault-Second Degree." After the district court sentenced Jose Vasquez to 41 months in prison for an offender registration violation, it granted him probation. But because Vasquez repeatedly violated the conditions of his probation, the district court revoked his probation and imposed his prison sentence.

1

Vasquez appeals, alleging that his sentence is illegal because it improperly states his criminal history. Vasquez argues the PSI is ambiguous because it fails to specify which subsection of the 1983 New Jersey sexual assault statute he was convicted under, so his prior crime may not have been properly classified as a person crime. He asks this court to remand the case to the district court to make that determination.

*Analysis*

"A court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 2019 Supp. 22-3504(a). A defendant may challenge the classification of a prior conviction for the purposes of lowering his criminal history score for the first time on appeal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). "Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review." *Dickey*, 301 Kan. at 1034.

To put Vasquez' argument in context, we review some of the basic rules of the Kansas Sentencing Guidelines Act. A defendant's presumptive sentence is based on two factors: the severity of the current offense and the criminal-history score of the defendant. See K.S.A. 2019 Supp. 21-6804(a) (containing the sentencing grid for nondrug crimes); K.S.A. 2019 Supp. 21-6805(a) (containing the sentencing grid for drug crimes). Severity levels range from levels 1 (the most serious) to 10 (the least serious felony level). Criminal-history scores range from I (no criminal history or one misdemeanor) to A (three or more person felonies). See K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6804(a).

Vasquez challenges the calculation of his criminal-history score. To calculate that score, a court examines the defendant's past convictions and then classifies each conviction in two ways relevant here—as a felony or a misdemeanor offense, and as a

2

person or nonperson offense. Felonies are weighted more heavily and lead to higher presumptive sentences. Crimes that are person offenses are also weighted more heavily; nonperson offenses are weighted less heavily. See *State v. Keel*, 302 Kan. 560, 574-75, 357 P.3d 251 (2015).

Vasquez concedes that his New Jersey crime was a felony, but alleges it was improperly scored as a person offense.

When designating an out-of-state felony as a person or nonperson crime for criminal history purposes, the court must refer to a comparable Kansas offense. If no comparable Kansas offense exists, the out-of-state conviction must be classified as a nonperson crime. *Keel*, 302 Kan. at 581.

The PSI stated that Vasquez was convicted in 1983 of "NJSC 2C: 14-2(a): Sexual Assault-Second Degree." 1983 N.J. Stat. Ann. § 2C: 14-2 provided:

> "a. An actor is guilty of aggravated sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:
>> "(1) The victim is less than 13 years old;
>> "(2) The victim is at least 13 but less than 16 years old; and
>>> "(a) The actor is related to the victim by blood or affinity to the third degree, or
>>> "(b) The actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional, or occupational status, or
>>> "(c) The actor is a foster parent, a guardian, or stands in loco parentis within the household;
>> "(3) The act is committed during the commission, or attempted commission, whether alone or with one or more other persons, of robbery, kidnapping, homicide, aggravated assault on another, burglary, arson or criminal escape;

"(4) The actor is armed with a weapon or any object fashioned in such a manner as to lead the victim to reasonably believe it to be a weapon and threatens by word or gesture to use the weapon or object;

"(5) The actor is aided or abetted by one or more other persons and either of the following circumstances exists:

"(a) The actor uses physical force or coercion, or

"(b) The victim is one whom the actor knew or should have known was physically helpless, mentally defective or mentally incapacitated;

"(6) The actor uses physical force or coercion and severe personal injury is sustained by the victim.

"Aggravated sexual assault is a crime of the first degree.

"b. An actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim.

"c. An actor is guilty of sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:

"(1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury;

"(2) The victim is one whom the actor knew or should have known was physically helpless, <u>mentally defective</u> [added in 1983 amendment] or mentally incapacitated;

"(3) The victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status;

"(4) The victim is at least 16 but less than 18 years old and the actor is a member of the victim's household with supervisory or disciplinary power over the victim;

"(5) The victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim.

"Sexual assault is a crime of the second degree."

The PSI's reference to "NJSC 2C: 14-2(a): Sexual Assault-Second Degree" fails to tell us what crime Vasquez was convicted of in New Jersey. First, the cited subsection—1983 N.J. Stat. Ann. § 2C: 14-2(a)—itself has six enumerated subsections, some of which

4

may be violated in multiple ways, yet the PSI fails to indicate which subsection Vasquez violated. Second, 1983 N.J. Stat. Ann. § 2C: 14-2(a) is an aggravated sexual assault and a first-degree crime, while 1983 N.J. Stat. Ann. § 2C: 14-2(b) and (c) are both sexual assault and second-degree crimes. So the PSI's designation of "NJSC 2C: 14-2(a): Sexual Assault-Second Degree" cannot be correct. If convicted under NJSC 2C: 14-2(a), Vasquez was convicted of aggravated sexual assault, first-degree. And if he was instead convicted of sexual assault-second degree, his conviction was not under NJSC 2C: 14-2(a).

To determine whether Vasquez' prior conviction was a person or nonperson felony, the court must first know which New Jersey crime Vasquez committed. Yet the PSI fails to tell us and is ambiguous as to what crime Vasquez committed. If no comparable Kansas offense exists for his New Jersey crime, that out-of-state conviction must be classified as a nonperson crime.

As a result, we remand with directions for the district court to first determine which New Jersey crime Vasquez was convicted of and then apply the proper comparative analysis. See *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (holding that *Wetrich* was a change in the law and that a subsequent change in law regarding consideration of prior out-of-state convictions does not render a sentence, which was legal when imposed, illegal for purposes of a collateral attack); *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018) (holding that for an out-of-state conviction to be comparable to a Kansas crime under K.S.A. 2017 Supp. 21-6811[e][3], the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime to which it is being compared); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (holding that a "comparable offense" means "the offenses need only be comparable, not identical"), *overruled on other grounds by Dickey*, 301 Kan. 1018 (2015).

Sentence vacated and remanded with directions.