NOT DESIGNATED FOR PUBLICATION

No. 121,704

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHEILEN J. MORGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed October 30, 2020.
Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: In this direct appeal of his sentence, Sheilen J. Morgan claims the
sentencing court used an improper criminal history score when it computed his sentence.
It did not and we affirm.

Morgan committed theft in March 2018 and later pled guilty. Using a criminal
history score of C, the district court sentenced him to 11 months in prison. The court set
his criminal history score as C based on his 2014 conviction for aggravated burglary. The

1

court found this was a person crime conviction. Morgan claims this finding was an error by the court.

Morgan tries to persuade us that his 2014 Kansas conviction for aggravated burglary cannot be counted as a person felony in his criminal history score. In his view, since the statutory definition of aggravated burglary in 2014 was broader than in 2018 when he committed his current crime, his conviction must be a nonperson crime and therefore, his criminal history score is incorrect. He cites *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), and *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), as support for his argument.

We are not persuaded.

In *Keel*, the court showed us how to classify prior Kansas convictions for crimes committed before the enactment of the Kansas Sentencing Guidelines Act. Basically, the court held that when designating a *pre*-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must consider how the crime would have been classified based on the classification in effect for the comparable Kansas offense when the current crime of conviction was committed. 302 Kan. at 581.

Later, the Legislature codified this rule in K.S.A. 2015 Supp. 21-6810(d)(2) for prior convictions of offenses committed before July 1, 1993. Morgan's aggravated burglary conviction was from 2014—well after the KSGA was enacted and the Legislature had classified aggravated burglary as a person crime.

In *Wetrich*, the court taught us how to classify prior *out-of-state* convictions. The KSGA dictated that an out-of-state crime was designated as person or nonperson based on the "comparable" Kansas offense. K.S.A. 2017 Supp. 21-6811(e)(3); 307 Kan. at 557. The *Wetrich* court defined the term "comparable" using an identical or narrower test. For

2

an out-of-state conviction to be comparable to a Kansas offense, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. 307 Kan. at 562.

Because we are dealing with a Kansas conviction for a crime committed after the enactment of the KSGA, *Keel* and *Wetrich* do not help us much.

A more helpful case is *State v. Coleman*, 311 Kan. 305, 460 P.3d 368 (2020). In *Coleman*, the court applied the identical or narrower test to a *pre*-KSGA in-state conviction. In doing so, the court acknowledged that the *Wetrich* decision was concerned with "cross-jurisdictional problems between states, but the differences in how Kansas from time to time defines what constitutes criminal conduct, or how seriously that conduct should be treated when sentencing a current offense, can create similar problems." 311 Kan. at 310. But, like in *Keel*, the issue before the court was only how to score a Kansas conviction obtained before the KSGA designated crimes as person or nonperson.

We hold the most obvious fact controls this issue. At all relevant times the Legislature has specifically designated aggravated burglary in Kansas as a person crime. See K.S.A. 2013 Supp. 21-5807(c)(3); K.S.A. 2017 Supp. 21-5807(c)(2). This fact cannot be ignored. While it is true that the Legislature narrowed the elements of aggravated burglary in 2016, it did not change the classification of the crime as a person felony. See K.S.A. 2016 Supp. 21-5807(c)(2) and (e).

Other panels of this court have reached the same conclusion in *State v. Lyon*, 58 Kan. App. 2d 474, Syl. ¶ 7, 471 P.3d 716 ( 2020), *petition for rev. filed* August 19, 2020, and *State v. Rumold*, No. 121,038, 2020 WL 4722328, at *6-7 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* September 11, 2020. We find their reasoning compelling and agree with their holdings.

In an alternative argument, Morgan argues that this court is constitutionally prohibited from scoring his prior conviction as a person felony under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

Morgan raises this issue for the first time on appeal. The definition of an illegal sentence does not include a claim that the offender's sentence violates a constitutional provision. *Coleman*, 311 Kan. at 317.

But frankly, we do not see how this argument helps Morgan. It is true that in determining whether prior offenses may be used to enhance a defendant's sentence, a sentencing court is constitutionally prohibited under *Apprendi* and *Descamps* from making additional factual findings beyond simply identifying the statutory elements of the primary offense. See *State v. Dickey*, 301 Kan. 1018, 1039, 350 P.3d 1054 (2015). But here we need only look to the classification of the crime stated in the statute rather than the facts of his offense. There can be no constitutional violation because the court is not making any prohibited factual findings. The court is simply reading the classification of the crime as set by the Legislature.

Affirmed.