NOT DESIGNATED FOR PUBLICATION

No. 124,151

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY SAGE MASON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed September 23, 2022. Appeal dismissed in part, sentence vacated, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., COBLE, J., and PATRICK D. MCANANY, S.J.


PER CURIAM: Convictions arising from an unconstitutional statute cannot enhance a criminal history score. Our Supreme Court has ruled the Kansas reckless criminal threat statute is unconstitutionally vague, while ruling the intentional criminal threat statute is constitutionally valid. Corey Sage Mason's criminal history discloses an adjudication for making a criminal threat. We cannot determine whether this adjudication was for an intentional threat or a reckless threat. So we vacate Mason's sentence and remand to the sentencing court for resentencing after it determines whether the adjudication can be used in his criminal history score.

1

*Mason entered no contest pleas and was convicted and sentenced.*

Mason pleaded no contest to burglary of a motor vehicle and theft. The court sentenced him to a guideline sentence of 14 months' imprisonment based on his criminal history score of B. Mason's criminal history score was based, in part, on a 2011 juvenile adjudication for criminal threat. Mason did not object to his criminal history at sentencing.

As part of the plea agreement, the State also asked the district court to impose restitution "as filed." At that time, there was a "restitution memo" on file which listed restitution to various victims and $50 to the Pottawatomie County Attorney for disc duplication expenses. The district court imposed restitution as requested. Mason did not object.

In this direct appeal, Mason makes two arguments:

(1) The district court erred in sentencing him because the State did not prove his prior criminal threat adjudication was constitutionally valid; and
(2) the district court erred in ordering him to pay restitution to the Pottawatomie County Attorney.

*We cannot determine if Mason's criminal history score is valid.*

Guideline sentences in Kansas are determined on a sentencing grid. An offender's placement on the grid depends on the severity level of the crime and the criminal history of the offender. There is no dispute here about the severity level of Mason's crimes. Instead, we must focus on his criminal history.

Mason's presentence investigation (PSI) report revealed a juvenile adjudication for criminal threat in 2011—a person felony. Because Mason had another person felony, his criminal history score was B. The PSI report did not show whether Mason was convicted of intentional or reckless criminal threat. That lack of information is the problem.

In October 2019, the Kansas Supreme Court found the portion of K.S.A. 2018 Supp. 21-5415(a)(1) "allowing for a conviction if a threat of violence is made in reckless disregard for causing fear causes the statute to be unconstitutionally overbroad because it can apply to statements made without the intent to cause fear of violence." *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019). This means that the court held that portion of the criminal threat statute unconstitutional.

This ruling could affect Mason's criminal history score because of his 2011 adjudication for making a criminal threat. Was the adjudication for the valid intentional criminal threat or for the invalid reckless criminal threat? If the adjudication was for the reckless criminal threat it cannot be used in Mason's criminal history score. Prior convictions under statutes that have since been found unconstitutional may not be used to enhance an offender's criminal history score. K.S.A. 2021 Supp. 21-6810(d)(9).

The presentence investigation report here does not show under which version of the criminal threat statute Mason was convicted. The State presented no evidence at sentencing on the adjudication. Although Mason did not object to his criminal history at sentencing, he may still challenge the classification of a prior conviction for criminal history purposes. See *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015). The State did not meet its burden to prove Mason's criminal history.

In an appendix to its brief, the State attached a 2010 complaint charging Mason with intentional criminal threat, and the journal entry of adjudication showing he pleaded guilty to criminal threat. The attachments do not necessarily prove that Mason was

3

convicted of intentional criminal threat because the journal entry is not specific, and the State could have amended the complaint. And the State did not seek to enter these documents into the record on appeal. Including documents in the appendix of a brief does not make those documents part of the record that can be considered for appellate review. *Rodriguez v. U.S.D. No. 500*, 302 Kan. 134, 144-45, 351 P.3d 1243 (2015); Supreme Court Rule 6.03(b) (2022 Kan. S. Ct. R. at 36).

We must vacate Mason's sentence and remand for resentencing.

*Mason has waived his right to appeal any other claim.*

Mason also argues that the district court made an error of law when it ordered him to pay $50 restitution to the State. He cites an unpublished case in which the panel held that the district court erred in ordering the defendant to pay restitution to the State because "[t]he State was not a victim of [his] crimes and was therefore not entitled to restitution." *State v. Harley*, No. 93,349, 2005 WL 2665768, at *2 (Kan. App. 2005) (unpublished opinion).

Mason pleaded no contest after making an agreement with the State. That plea agreement states, "Defendant waives his right to appeal his conviction by plea and/or any sentencing issues that are consistent with the plea recommendations." The agreement also said the parties would ask the district court to impose restitution "as filed." At that time there was a "restitution memo" filed with the district court that included $50 to the State for disc duplication expenses.

We find that Mason waived his right to appeal the restitution imposed when he agreed to waive his right to appeal sentencing issues consistent with the plea agreement.

We vacate Mason's sentence and remand the matter to the district court for resentencing after it determines whether the adjudication for making a criminal threat can be used in his criminal history score. We dismiss Mason's appeal concerning restitution.

Appeal dismissed in part, sentence vacated, and case remanded with directions consistent with this opinion.