NOT DESIGNATED FOR PUBLICATION

Nos. 112,670
112,671

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

DENNY A. FELD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed December 18, 2015. Sentences vacated and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON, J. and HEBERT, S.J.

*Per Curiam*:  Denny A. Feld appeals from the sentence imposed upon his convictions resulting from his guilty pleas to various felony and misdemeanor charges in two separate cases which are consolidated herein. Feld argues that the district court erroneously classified a prior juvenile adjudication for burglary as a person felony for purposes of calculating his criminal history. He also argues that the district court abused its discretion by denying his motion for dispositional departure.

1

*Factual and Procedural Background*

In case 14 CR 863, the district court imposed a controlling presumptive sentence of 18 months' imprisonment. That sentence resulted from Feld's conviction upon his guilty pleas to two felony and three misdemeanor charges under a plea agreement he reached with the State. Those charges and two others dismissed by the State were based on a January 24, 2013, incident in which Feld was speeding when he ran a red light, struck a car, and then fled the scene. Pursuant to the plea agreement, the State recommended the court grant a downward dispositional departure. The district court, however, denied Feld's motion for a downward dispositional and/or durational departure, citing in support the serious nature of his offenses and his criminal history.

In case 14 CR 938, the district court again denied the recommended dispositional departure but did grant a downward durational departure from 30 to 20 months' imprisonment, which the court ordered to run consecutive to Feld's sentence in 14 CR 863. This sentence resulted from Feld's conviction upon his guilty plea to aggravated assault, a severity level 7 person felony in violation of K.S.A. 2014 Supp. 21-5412(b)(1), arising out of an April 18, 2014, domestic violence incident involving threats Feld made with a handgun toward his estranged wife and their two sons. Three other charges were dismissed pursuant to a plea agreement.

Feld filed timely notices of appeal in both cases. We consolidated the appeals for purposes of argument and decision.

*Calculation of Criminal History Score*

Feld's first argument on appeal concerns the fact that his presumptive sentences under the Kansas Sentencing Guidelines Act (KSGA) were calculated based on a criminal history that scored Feld's April 1993 juvenile adjudication for burglary as a

2

person felony. The State concedes that since Feld filed his brief, our Supreme Court has handed down its decision in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), which mandates the result Feld seeks.

We have unlimited review over the question of whether a prior burglary adjudication was improperly classified as a person felony. See 301 Kan. at 1033-34.

The *Dickey* court faced the same issue we face here: whether a defendant's juvenile adjudication for burglary committed prior to the enactment of the KSGA can be classified as a person felony for purposes of scoring his criminal history under K.S.A. 2014 Supp. 21-6811(d). To do so, the burglary must have been of a "dwelling," which is defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). But the burglary statute in effect at the time of Dickey's 1992 juvenile adjudication for burglary did not contain an element requiring that the burglarized structure be a "dwelling." 301 Kan. at 1039 (citing K.S.A. 1991 Supp. 21-3715). The *Dickey* court held the district court's finding that the defendant's prior burglary adjudication was a person felony involved judicial factfinding that is constitutionally prohibited under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 2288-89, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey*, 301 Kan. at 1039.

We are duty bound to follow *Dickey*. See *State v. Belone,* 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015). Our record does not reveal the date on which Feld committed the burglary that led to his adjudication, so we cannot be sure whether Feld violated K.S.A. 1991 Supp. 21-3715, K.S.A. 1992 Supp. 21-3715, or some prior version of the burglary statute. Regardless, the State concedes that the controlling statute did not contain an element requiring that the burglarized structure be a "dwelling." Thus, to classify Feld's burglary adjudication as a person felony, the district court had to

make or adopt a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. This was error.

Accordingly, since both sentences are based on the use of an improper criminal history score, we vacate Feld's sentences in both cases and remand to the district court for resentencing with directions that Feld's burglary adjudication be classified as a nonperson felony for purposes of calculating his criminal history.

*Denial of Dispositional Departure*

In view of our remand for resentencing, any opinion regarding Feld's remaining challenge to the district court's denial of his dispositional departure motion would be advisory only. Appellate courts do not generally decide moot issues or render advisory opinions. See *State v. Montgomery,* 295 Kan. 837, 840, 286 P.3d 866 (2012). We offer no opinion regarding how the district court should exercise its discretion in considering any departure motion which Feld might pursue on remand.

Sentences vacated and remanded with directions.