NOT DESIGNATED FOR PUBLICATION

Nos. 113,640
113,641

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM LOGGINS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed January 29, 2016. Affirmed.


Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before GARDNER, P.J., HILL and POWELL, JJ.


*Per Curiam:* William Loggins appeals the denial of his motion to correct an illegal sentence. We granted Loggins' motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State asks that Loggins' sentence be affirmed.


In 1999, a jury found Loggins guilty of burglary and theft in case No. 99CR2263. Loggins' criminal history included a 1981 Kansas conviction for aggravated burglary, classified as a person felony, among other convictions. Loggins' criminal history score was determined to be a C. In 2000, a jury convicted Loggins of aggravated kidnapping,

1

aggravated robbery, and aggravated burglary in case No. 99CR2690. Taking into account the 1999 convictions, Loggins' criminal history score became a B. On October 13, 2000, Loggins was sentenced to a total prison sentence of 713 months in case No. 99CR2690. On October 19, 2000, Loggins was sentenced to 27 months in prison in case No. 99CR2263, concurrent with the sentence in case No. 99CR2690.

On December 18, 2013, Loggins filed a pro se motion to correct an illegal sentence. His counsel filed a memorandum in support based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). In January 2015, the district court denied Loggins' motion in both cases, finding that neither *Murdock* nor *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), provided a basis for relief.

On appeal, Loggins contends that the district court erred in classifying his 1981 Kansas aggravated burglary conviction as a person felony. Loggins cites *Murdock*, *Keel*, and *Dickey*.

*Murdock* provides no basis for relief because it was specifically overruled by *Keel*. See 302 Kan. 560, Syl. ¶ 9. The *Keel* court ruled that when designating a pre-Kansas Sentencing Guidelines Act conviction as a person or nonperson crime in the criminal history, the court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9.

The aggravated burglary statute in Kansas has always required proof of the presence of a human being and has always been classified as a felony. See K.S.A. 21-3716 (Weeks 1974); K.S.A. 21-3716 (Ensley 1981 & 1988); K.S.A. 21-3716 (Furse 1995). Loggins' current crimes of conviction were committed in April and May, 1999. At such time, aggravated burglary was classified as a person felony offense. See K.S.A. 21-

2

3716 (Furse 1995). Therefore, the district court did not err by classifying Loggins' 1981 conviction for aggravated burglary as a person offense for the purpose of calculating his current sentence.

*Dickey* also does not provide Loggins any relief. The *Dickey* court ruled that *Murdock* was inapplicable to the classification of a prior burglary conviction because K.S.A. 2014 Supp. 21-6811(d) provides a "specific method for classifying prior burglaries for criminal history purposes." 301 Kan. at 1021. "In order to classify a prior burglary conviction . . . as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling.'" 301 Kan. at 1021. The burglary statute that Dickey violated did not include as an element that the burglarized structure be a dwelling. Thus, the district court was constitutionally prohibited from classifying the conviction as a person offense under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See 301 Kan. at 1021, 1036-480. In contrast, classification of a prior *aggravated* burglary conviction is not controlled by K.S.A. 2014 Supp. 21-6811(d). Classification of a prior aggravated burglary conviction is controlled by *Keel*, as stated above.

Affirmed.