NOT DESIGNATED FOR PUBLICATION

No. 113,204

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS J. GOIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 26, 2016. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*:  Thomas Goin filed a motion to correct illegal sentence in the Reno County District Court arguing his pre-Kansas Sentencing Guidelines Act (KSGA) convictions were improperly classified under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). The district court denied the motion, and Goin appealed arguing instead his pre-KSGA burglary convictions were improperly classified as person felonies in violation of *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). We affirm on grounds other than those relied on by the district court when it overruled Goin's motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2010, Goin entered a plea agreement with the State in which he agreed to plead guilty to 17 charges, including 2 counts of aggravated burglary, 3 counts of felony theft, 5 counts of theft, 5 counts of burglary, 1 count of obstruction, and 1 count of fleeing and eluding. The charges stemmed from a series of incidents involving multiple victims in which Goin burglarized homes and vehicles and stole thousands of dollars worth of items. Goin was found to have an A criminal history score in his presentence investigation report. On October 15, 2010, the district court sentenced Goin to 122 months in prison. He did not object to his criminal history when asked during the sentencing hearing.

On July 11, 2014, Goin filed a pro se motion to correct illegal sentence arguing the district court was required to reclassify his pre-KSGA person felony convictions as nonperson felonies pursuant to *Murdock*. Goin's criminal history worksheet indicated he had eight prior convictions classified as person felonies, all of which occurred before the Kansas Sentencing Guidelines were adopted in 1993. Five of these convictions were burglaries. The remaining three were for one attempted kidnapping, one robbery, and one conspiracy to commit aggravated robbery. On October 3, 201, the district court denied Goin's motion finding *Murdock* did not apply because all of his person felonies occurred in-state and *Murdock* applied only to pre-KSGA out-of-state felonies. Goin timely appealed the district court's decision.

DID THE DISTRICT COURT ERR IN CLASSIFYING GOIN'S PRE-KANSAS SENTENCING GUIDELINES BURGLARY CONVICTIONS AS PERSON FELONIES WHEN CALCULATING HIS CRIMINAL HISTORY SCORE?

Goin's pro se motion to correct an illegal sentence in the district court was based on the reasoning from *Murdock*. The district court denied the motion finding *Murdock* was not applicable. On appeal, however, Goin argues the district court erred in

2

classifying his pre KSGA burglary convictions as person felonies in violation of the Kansas Supreme Court's holding in *Dickey*.

The State argues this issue was not properly preserved for appeal because Goin challenged his sentence under *Murdock*, not *Dickey*, and the district court denied his motion based only on *Murdock*.

The Kansas Supreme Court, however, made it clear in *Dickey* that under K.S.A. 22-3504(1) a court may correct an illegal sentence at any time. 301 Kan. at 1034. The court held that a legal challenge to the classification of a prior conviction for criminal history purposes can be raised for the first time on appeal. 301 Kan. at 1034.

Further, there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal including:  (1) The newly-asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

In the present case, Goin challenged his sentence as illegal in the district court but under a different legal theory than he raises on appeal. Although the district court never rendered a decision on whether Goin's sentence was illegal under *Dickey*, there is no reason why this court cannot decide this purely legal question for the first time on appeal. *Dickey* was not decided until May 22, 2015, more than 6 months after the district court rendered its decision regarding Goin's sentence. Goin could not have used *Dickey* as his basis to correct his illegal sentence in his motion in the district court. Essentially, all three exceptions permitting a new legal theory may be raised for the first time on appeal as

noted above apply in this case. This court has jurisdiction to determine whether Goin's sentence is illegal pursuant to *Dickey*.

In *Dickey*, the Kansas Supreme Court found the district court violated the defendant's constitutional rights by classifying his pre-KSGA burglary conviction as a person felony. 301 Kan. at 1039-40. The KSGA set out specific rules for how to classify prior burglary convictions. See K.S.A. 2015 Supp. 21-6811(d). Under the statute, a prior burglary involving a dwelling must be classified as a person felony and a burglary not involving a dwelling is a nonperson felony. See K.S.A. 2015 Supp. 21-6811(d)(1)-(2). The defendant in *Dickey* had a pre-KSGA burglary conviction; however, at the time of that conviction, the burglary statute did not include any elements that referenced a dwelling. The Kansas Supreme Court therefore found that a district court could not determine whether the defendant's prior burglary conviction included a dwelling "because doing so would have necessarily resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. at 1039. The district court's classifying of Dickey's prior burglary conviction as a person felony necessarily required the court to make a factual determination that the defendant had burglarized a dwelling. A jury had never decided the issue of whether the defendant had burglarized a dwelling because the statute at the time did not make a distinction between a dwelling and nondwelling structure. The court's classification of that prior burglary as a person felony violated the defendant's constitutional rights under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The Kansas Supreme Court therefore held that the defendant's 1992 burglary conviction should have been classified as a nonperson felony for purposes of calculating his criminal history score. Dickey, 301 Kan. at 1039-40.

4

In the present case, Goin challenges the classification of his five pre-KSGA burglary convictions as person felonies. He claims *Dickey* mandates these convictions be reclassified as nonperson felonies.

In examining Goin's criminal history worksheet, his five pre-KSGA burglary convictions occurred in 1985, 1987, and 1989. All five convictions were classified as person felonies. *Dickey* applies in this case because the burglary statutes Goin was convicted under mirror the statute analyzed in *Dickey*—*i.e.*, the statute does not include any mention of "dwelling." See K.S.A. 1991 Supp. 21-3715.

Goin was convicted of burglary under statutes that do not distinguish between dwelling and nondwelling and, therefore, the Kansas Supreme Court's rationale in *Dickey* applies in this case. Goin's prior burglary convictions should be reclassified as nonperson felonies.

The State, however, argues if this court finds that Goin's burglary convictions were improperly classified, it should find that the improper classifications were harmless error because Goin had three additional person felonies in his criminal history.

Regardless of whether five prior burglary convictions were improperly classified as person felonies under *Dickey*, the State is correct that Goin criminal history still has three additional person felonies—attempted kidnapping, robbery, and conspiracy to commit aggravated robbery. With those three remaining person felonies, Goin would still have an A criminal history score. See K.S.A. 2015 Supp. 21-6809 ("Criminal History Category [A] The offender's criminal history includes three or more adult convictions or juvenile adjudications, in any combination, for person felonies."). The district court sentenced Goin using an A criminal history score and therefore reclassifying the prior burglary convictions has no effect on Goin's current sentence.

For these reasons, this court finds that Goin's five prior burglary convictions were improperly classified as person felonies under *Dickey*. However, the error was harmless because Goin would still have an A criminal history score because of three additional person felonies in his criminal history.

Affirmed.