NOT DESIGNATED FOR PUBLICATION

No. 114,309

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMOND DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J, PIERRON, J., and JOHNSON, S.J.

*Per Curiam*: Raymond Davis appeals the district court's decision to deny his motion to correct an illegal sentence. We granted Davis' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

In 2013, Davis pled guilty to three counts of aggravated assault and one count each of aggravated kidnapping, aggravated robbery, and aggravated burglary. Davis was found to have a criminal history score of A in his presentence investigation report. Accordingly, the district court sentenced Davis to a controlling prison term of 646 months.

1

Davis subsequently filed motions to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Davis' criminal history included a 1992 Kansas conviction for burglary and a 1992 Missouri conviction for second-degree burglary, both of which were classified as person felonies. Davis argued that pursuant to *Murdock* and *Dickey*, the district court was required to reclassify these convictions as nonperson felonies because they occurred before the Kansas Sentencing Guidelines were adopted in 1993. The district court denied the motions, and Davis timely appealed.

Notably, our Supreme Court's holding in *Murdock* was overruled in *Keel*. Therefore, on appeal, Davis challenges only the district court's denial of his motion to correct an illegal sentence under *Dickey*. In *Dickey*, our Supreme Court held that "in order to classify a prior burglary conviction . . . as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling.'" 301 Kan. at 1021. The burglary statute that the defendant in *Dickey* violated did not include as an element that the burglarized structure be a dwelling. Thus, the district court was constitutionally prohibited from classifying the conviction as a person offense under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See *Dickey*, 301 Kan. at 1021, 1036-40.

In this case, Davis challenges the classification of his 1992 Kansas and Missouri burglary convictions as person felonies, claiming that *Dickey* mandates these convictions be reclassified as nonperson felonies. In response, the State argues that even if Davis' burglary convictions were improperly classified, his sentence was still legal because he had four additional person felonies in his criminal history.

Regardless of whether Davis' 1992 burglary convictions were improperly classified as person felonies under *Dickey*, the State is correct that Davis' criminal history has four additional person felonies. Davis concedes that these convictions were correctly scored as person felonies. With those four felonies, Davis would still have an A criminal history score. See K.S.A. 2015 Supp. 21-6809 ("Criminal History Category [A] The offender's criminal history includes three or more adult convictions or juvenile adjudications, in any combination, for person felonies."). Because the district court sentenced Davis using a criminal history score of A, reclassifying the prior burglary convictions would have no effect on his current sentence. As a result, the district court did not err in denying Davis' motion to correct an illegal sentence.

Affirmed.