NOT DESIGNATED FOR PUBLICATION

No. 113,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KOUANG LOU SAEPHAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed October 21, 2016. Sentence vacated and remanded with directions.

*Kurt P. Kerns*, of Ariagno, Kerns, Mank & White, LLC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*:  Kouang Lou Saephan appeals following his convictions of one count of conspiracy to commit possession of marijuana with the intent to distribute and one count of unlawful acts involving drug proceeds. On November 12, 2014, the district court sentenced Saephan to 92 months' imprisonment on the conspiracy conviction and a consecutive sentence of 11 months' imprisonment on the other count for a controlling sentence of 103 months' imprisonment with 36 months' postrelease supervision.

1

Saephan filed a brief raising four issues: (1) the district court erred by finding that text messages from alleged co-conspirators were properly authenticated and admissible despite being hearsay; (2) the district court lacked subject matter jurisdiction to convict Saephan of unlawful acts involving drug proceeds because the crime was not committed in Kansas; (3) the district court erred in sentencing Saephan's conspiracy conviction as a severity level 2 offense on the drug grid as opposed to a severity level 5 offense; and (4) the district court erred in sentencing Saephan's conspiracy conviction as a severity level 2 offense on the drug grid as opposed to a severity level 3 offense.

At oral argument, Saephan's counsel announced to this court that Saephan was withdrawing his appeal on the first three issues. Thus, Saephan's only claim on appeal is that the district court erred in sentencing his conspiracy conviction as a severity level 2 offense on the drug grid as opposed to a severity level 3 offense. The State's brief concedes that Saephan's argument on this issue is correct.

We agree with the parties. Prior to July 1, 2012, conspiracy to commit possession of marijuana with the intent to distribute was a severity level 3 drug offense except for certain circumstances not applicable here. See K.S.A. 2011 Supp. 21-5705(c)(1). On July 1, 2012, the statute was amended to make the crime a severity level 2 drug offense if the quantity of marijuana involved was at least 450 grams but less than 30 kilograms. See K.S.A. 2012 Supp. 21-5705(d)(2)(C). Moreover, in *State v. Vandervort*, 276 Kan. 164, 180, 72 P.3d 925 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), our Supreme Court held that when a defendant is charged with acts that span a time period in which the severity level of the crime is amended, the defendant must receive the lesser severity level at sentencing unless it is certain that the jury did not rely on any evidence that occurred prior to the amendment.

Here, the jury was presented with evidence of overt acts of conspiracy that began in December of 2011 and continued through March of 2013. Thus, we cannot be certain

2

that the jury only considered acts that occurred after July 1, 2012, when it convicted Saephan of conspiracy to commit possession of marijuana with the intent to distribute. As a result, Saephan's sentence for conspiracy to commit possession of marijuana with the intent to distribute is vacated and this case is remanded for resentencing. Saephan's conviction of conspiracy to commit possession of marijuana with the intent to distribute must be resentenced as a severity level 3 offense under the 2011 drug grid. By agreement of the parties, the Clerk of the Appellate Courts is directed to issue a mandate forthwith.

Sentence vacated and remanded with directions.