NOT DESIGNATED FOR PUBLICATION

Nos. 115,273
115,275

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY R. COMSTOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed June 23, 2017. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Danielle Onions*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*: Gary R. Comstock appeals from his sentences in case Nos. 13 CR 1376 and 15 CR 315. He claims that the district court (1) erred in scoring two pre-1993 Kansas burglary convictions as person felonies and (2) abused its discretion in the inadequate extent of the durational departure the court granted.

Comstock has an extensive criminal history dating back to 1978. He has 35 prior convictions, 8 of which were person felony convictions before the ones at issue today. His prior felony convictions consisted of Kansas burglary convictions in 1986 and 1990;

two Missouri burglary convictions in 1978; a Missouri burglary conviction in 1979; a manslaughter conviction in 1979; an attempted burglary conviction in 2000; and an aggravated burglary conviction in 2015.

In July 2015, Comstock pled no contest to aggravated burglary, attempted theft, and criminal damage to property in case No. 13 CR 1376 and to aggravated burglary in case No. 15 CR 315. He committed this latter crime while he was out on bond.

The district court sentenced Comstock to a 32-month presumptive sentence in case No. 13 CR 1376.

In case No. 15 CR 315, Comstock requested a downward durational departure to a controlling sentence of 36 months based on the following factors: (1) he accepted his guilt by pleading no contest and has shown remorse; (2) he waived his constitutional rights in order to resolve the case expeditiously; (3) the degree of harm or loss was significantly less than typical for such an offense; (4) he suffers from numerous medical conditions that within a reasonable degree of medical certainty make his life expectancy far less than a 10-year sentence; and (5) his medical conditions would cost the State significant resources the longer he is incarcerated. The court departed from a presumptive sentence of 130 months and imposed a sentence of 82 months in prison, but not the 36-month sentence Comstock requested.

On appeal, Comstock argues that his two Kansas burglary convictions should have been scored as nonperson felonies for criminal history purpose. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Under our Supreme Court's holding in *Dickey*, the classification of pre-1993 Kansas burglary convictions as person or nonperson felonies must be in accordance with the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S.

2

466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The classification of the two Kansas burglary convictions is the only criminal history scoring error Comstock asserts.

Before the sentencing guidelines went into effect in 1993, Kansas law did not distinguish burglaries of dwellings from burglaries of other structures. The current sentencing guidelines distinguish burglaries of dwellings (person crimes) from burglaries of other structures (nonperson crimes). See K.S.A. 2016 Supp. 21-5807.

In *Dickey*, our Kansas Supreme Court determined that because the burglary statute under which the defendant was adjudicated did not require proof that the structure was a dwelling, the sentencing court's finding that the structure was a dwelling constituted improper judicial factfinding in violation of *Apprendi* and *Descamps*. Thus, the defendant's prior burglary adjudication should have been classified as a nonperson felony. *Dickey*, 301 Kan. 1018, Syl. ¶ 8.

The State concedes that both of Comstock's pre-1993 Kansas burglary convictions were improperly scored as person felonies. But according to the State, there is no need to remand the case to the district court for resentencing because even after removing Comstock's two pre-1993 Kansas burglary convictions from his criminal history score, he still has at least three prior person felonies and his criminal history score remains unchanged.

We agree. Comstock's criminal history still includes three or more unchallenged person felony convictions. Thus, his criminal history score is still "A" even after the two challenged convictions are reclassified as nonperson offenses. See K.S.A. 2016 Supp. 21-6809; *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Comstock's criminal history score was correct despite the incorrect classification of the challenged prior convictions. So remanding the case to the district court for resentencing is unnecessary.

3

For his second claim of error, Comstock challenges the district court's decision to grant him a departure from 130 months in prison to only 82 months and not to 36 months as he requested.

We review the extent of a departure sentence for any abuse of discretion. *State v. Favela*, 259 Kan. 215, 244, 911 P.2d 792 (1996). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). When reviewing a district court's action on a departure motion, our Supreme Court has stated:

> "Under an abuse of discretion standard of review, the question is whether the extent of the sentencing court's durational departure is consistent with the 'enacted purposes and principles of [the] sentencing guidelines' and 'proportionate to the severity of the crime of conviction and the offender's criminal history.' [Citation omitted.] . . . If any reasonable person could agree [with the district court's action], the appellate court will not disturb the [district] court's decision." *Favela*, 259 Kan. at 244.

Comstock has serious medical problems, including a history of colon cancer, GERD, hypertension, A-Fib irregular heart rhythm, and a left-ventricle systolic heart dysfunction. At the time of sentencing he had a defibrillator in his chest and had recently been hospitalized. His counsel argued that the presumptive sentence amounted to a death sentence.

The State asked the court to impose the 130-month standard presumptive sentence. Instead, the district court granted a durational departure to 82 months' imprisonment. The court specifically rejected the idea of shortening the length the prison sentence any further because the crime was committed while Comstock was on bond in his other case.

Under K.S.A. 2016 Supp. 21-6815(a), a departure sentence must be predicated on substantial and compelling reasons. To be substantial a mitigating factor must be real, not imagined, and it must be of substance and not ephemeral. To be compelling, a mitigating factor must force the court to venture beyond the sentence it would ordinarily impose. *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013).

K.S.A. 2016 Supp. 21-6815(c)(1) sets forth a list of nonexclusive substantial and compelling mitigating factors as reasons for a departure. K.S.A. 2016 Supp. 21-6815(d) instructs that when a sentencing court determines aggravating or mitigating circumstances, the district court shall consider:

"(1) Any evidence received during the proceeding;

"(2) the presentence report;

"(3) written briefs and oral arguments of either the state or counsel for the defendant; and

"(4) any other evidence relevant to such aggravating or mitigating circumstances that the court finds trustworthy and reliable."

A defendant's state of health may, under certain circumstances, constitute a nonstatutory departure factor. See *State v. Theurer*, 50 Kan. App. 2d 1203, 1225-26, 337 P.3d 725 (2014) (the medical factor was the defendant's diabetes). But here, Comstock does not explain why the district court abused its discretion. He merely reasserts the factors he advanced in support of his departure motion and claims "a more substantial durational departure would have better suited [Comstock's] individual situation than his presumptive prison sentence."

Here, the sentencing court considered Comstock's evidence regarding his physical condition—as well as the additional factors— in determining the extent to which it would depart. Comstock had 35 prior convictions, and he was on bond when he committed the crime in 15 CR 315. The court departed from a presumptive sentence of 130 months and imposed a sentence of 82 months in prison, albeit not the 36-month sentence Comstock

5

sought. Without any persuasive explanation of how the district court abused its discretion in not departing even further, we are satisfied that a reasonable person would agree with the district court's conclusion. Given Comstock's long criminal history and the circumstances of his current crime, we find no abuse of discretion in the court's decision not to grant a further durational departure.

Affirmed.