IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,690

STATE OF KANSAS,
*Appellee*,

v.

DARNELL LEE HUEY,
*Appellant.*

SYLLABUS BY THE COURT

1.

The legislature intended the Kansas Offender Registration Act (KORA) to be civil and nonpunitive for all classes of offenders.

2.

Because the legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 25, 2014. Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals affirming in part, vacating in part, and remanding to the district court is affirmed as to the issues subject to review. Judgment of the district court is affirmed as to the issues subject to review.

*Samuel Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Jodi E. Litfin*, deputy district attorney, argued the cause, and *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

1

The opinion of the court was delivered by

BILES, J.: Any fact necessary to increase the punishment for an offense other than a prior conviction must be established by a guilty plea or proved beyond a reasonable doubt to a jury. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); see also *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In this case, Darnell Lee Huey pleaded guilty to robbery and aggravated burglary and was ordered to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, after a district court judge found he used a deadly weapon to commit those offenses. This fact was not established by Huey's guilty pleas. On appeal, Huey argues the registration requirement violates the *Booker*/*Apprendi* rule because the fact that he used a deadly weapon should have been found by a jury. The persuasiveness of his challenge turns on whether KORA's requirements constitute punishment for his crimes.

This court has previously held that KORA's deadly weapon finding must be admitted through a guilty plea or submitted to a jury because KORA's requirements constitute punishment as applied to individuals required to register on the basis of such a finding. See *State v. Charles*, 304 Kan. 158, 177, 372 P.3d 1109 (2016). But, as noted in *Charles*, its application in subsequent appeals was in doubt because, on the same day it was decided, this court overruled the caselaw on which it relied, holding in *State v. Petersen-Beard*, 304 Kan. 192, 209, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), that KORA registration for sex offenders was not cruel and unusual punishment under the Eighth Amendment to the United States Constitution. See *Charles*, 304 Kan. at 179 (acknowledging *Petersen-Beard* "may influence whether the KORA holding of this case is available to be relied upon by violent offenders whose appeals have yet to be decided").

2

As signaled in the *Charles* decision, we now hold *Charles* is not viable authority for Huey or other violent offenders as to whether KORA is punitive. That issue may be resolved only upon an evidentiary record supplying the clearest proof to overcome the legislature's intent that KORA be a regulatory scheme that is civil and nonpunitive. Huey raised his challenge as to KORA's claimed punitive nature for the first time on appeal and did not develop an evidentiary record in the district court. And without that, we cannot conduct the appropriate analysis to determine KORA's alleged punitive effects on violent offenders such as Huey. Accordingly, we affirm the offender registration order. See *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), slip op. at 10.

FACTUAL AND PROCEDURAL BACKGROUND

Huey forced his way into an apartment using what was described as a "'skinny weapon' that had a pistol grip in the front and rear." He demanded money from the occupants. When police arrived, Huey was seen fleeing with property belonging to the resident. He was eventually apprehended—but no weapon was found.

Huey was charged with aggravated burglary, aggravated robbery, theft, and criminal possession of a firearm. He agreed to plead guilty to aggravated burglary and to a reduced charge of robbery. In exchange, the State agreed to dismiss the remaining counts and filed an amended complaint as part of the agreement. The revised charges to which Huey pleaded guilty did not allege he used a "deadly weapon" to commit either offense.

At the plea hearing, the State explained to the district court that the evidence would show Huey "entered the residence without permission," "made a demand . . .

3

wanting some money," and "by force or threat of force took property belonging to [the victim], specifically he took a couple of bottles of prescription medication . . . ." The State asked the court to take judicial notice of the evidence presented at the preliminary hearing.

The court accepted the pleas and found Huey guilty, but it did not at that time inform him of any duty to register under KORA. Similarly, KORA registration was not mentioned in the written plea agreement. The district court sentenced Huey to concurrent sentences of 57 months' imprisonment for the robbery conviction and 32 months for the aggravated burglary conviction. It ordered the sentences to run consecutive to another sentence imposed in a separate Shawnee County case. As to offender registration, which is the subject of this appeal, the State argued,

"I believe this Court did hear the evidence that was presented at the preliminary hearing. I believe there is sufficient evidence for the Court to make that finding beyond a reasonable doubt that a firearm was used in the commission of the crime and that the defendant should be required to register as a violent offender. Those would be the recommendations of the State."

Huey's counsel responded,

"As to the issue of the firearm, I would note the discovery revealed that one of the individuals believed that Mr. Huey had a firearm and he indicated to law enforcement at the time he was questioned he did not have a firearm; he had a crowbar. The crowbar was found—or a crowbar was found at the scene, apparently. . . . I think it was important for the court that he did not have a firearm that was retrieved for purposes of this offense."

4

The State admitted "there was maybe some conflicting information in the discovery" on whether a firearm was used but noted the preliminary hearing witnesses testified one was used. The court ruled, "I'm going to make the finding that a firearm was used in the course of this event and order offender registration."

The KORA checklist in the written journal entry reflects a deadly weapon finding, and the court imposed a 10-year registration requirement. But the court mistakenly checked a box applicable to first-time statutory violent offenders, rather than first-time offenders whose duty to register turned on a deadly weapon finding.

Huey timely appealed, alleging three sentencing errors. First, he argued the postrelease supervision term imposed by the district court constituted an illegal sentence. His second and third claims asserted violations of *Apprendi*'s general prohibition on sentence-enhancing judicial fact finding:  calculating his sentence using his criminal history score and imposing KORA requirements based on the finding that he used a deadly weapon to commit the crimes.

A Court of Appeals panel vacated the postrelease supervision term and remanded for resentencing on that issue. *State v. Huey*, No, 109,690, 2014 WL 1707807, at *2 (Kan. App. 2014) (unpublished opinion). This question is no longer in dispute. As to the two *Apprendi* arguments, the panel rejected both. We granted Huey's petition for review on the two *Apprendi* claims.

Jurisdiction is proper. K.S.A. 20-3018(b) (petition for review of Court of Appeals' decision); K.S.A. 60-2101(b) (providing Supreme Court jurisdiction over cases subject to review under K.S.A. 20-3018).

5

CRIMINAL HISTORY USE

At the outset, we discard Huey's challenge to his criminal history being used in calculating his sentence because we have repeatedly rejected that claim in many other cases. See, *e.g.*, *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 (2016); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). Huey acknowledges this but wishes to preserve the issue for federal appellate review. Huey offers no argument why our precedent should be overruled. *Cf. Johnson*, 304 Kan. at 956 (rejecting *Ivory* claim based on defendant's failure to advance new argument). We continue to adhere to the *Ivory* line of cases and will not address this claim further in this appeal. This leaves only the judicial fact-finding claim.

HUEY IS REQUIRED TO REGISTER

In the district court, Huey did not raise an *Apprendi* challenge to the finding that he used a deadly weapon to commit his offenses. This issue was advanced for the first time on appeal, and so it is not surprising there is no evidentiary basis supporting the argument that KORA requirements are punishment as applied to violent offenders. Instead, Huey contends three generic aspects of the statutory scheme support his claim: (1) stigma attached to offender registration, *i.e.*, disclosure on the Internet; (2) potential imprisonment for failure to register; and (3) the $20 registration fee.

We considered each of these in holding in *Petersen-Beard* that the lifetime registration requirements imposed on sex offenders do not constitute punishment. See *Petersen-Beard*, 304 Kan. at 201-02, 205 (Internet dissemination and registration fee). But see 304 Kan. at 192 (Johnson, J., dissenting) (arguing registration requirements with which compliance enforced by potential for "going to prison for a new felony" constituted an affirmative disability or restraint on the offender). And while Huey

attempts to distinguish his case from *Petersen-Beard* by arguing that "[p]eople who commit person felonies are not, as a class, comparable to sex offenders," he offers no new perspectives regarding these or any other features of the registration scheme as they may pertain to violent offenders.

*Standard of Review*

"Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review." *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015); see also *Charles*, 304 Kan. at 176 (applying de novo review to constitutionality under *Apprendi* of KORA's judicial deadly weapon fact-finding requirement).

*Discussion*

The legislature intended KORA to be civil and nonpunitive for all classes of offenders currently subject to its provisions. See *Meredith*, 306 Kan. ___, slip op. at 8, see also *State v. Myers*, 260 Kan. 669, 696, 923 P.2d 1024 (1996) ("We hold that KSORA's registration requirement does not impose punishment; thus our ex post facto inquiry as to registration ends."), *cert. denied* 521 U.S. 1118 (1997). Only the clearest proof that the scheme is ""so punitive either in purpose or effect as to negate the [legislature's] intention""" will suffice to override the legislature's nonpunitive intent and transform what has been denominated a civil remedy into a criminal penalty. *Meredith,* 306 Kan. ___, slip op. at 7 (quoting *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 [2003])]. We hold Huey has failed to make that showing.

Because Huey raised his *Apprendi* challenge for the first time on appeal, he offered no evidence and the district court made no findings. Consequently, Huey offers

7

no fact-based arguments on the factors we must consider in determining whether the Act's effects render it punitive as applied to violent offenders. See *Meredith*, 306 Kan. ___, slip op. at 10 ("[A]nalysis of the [*Kennedy v.*] *Mendoza-Martinez*[, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963),] factors requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions—*i.e.*, the legitimacy of the public safety interests at stake, the effectiveness of the alternative purpose to promote public safety, etc.").

Without a record, we cannot conclude the effects of KORA's registration requirements as to violent offenders are so punitive as to override the legislature's intent that KORA be a civil remedy. Therefore, Huey has not demonstrated, as he must, that the registration requirements constitute punishment. Because the registration requirements did not increase Huey's punishment under the law of this case, it was not necessary that Huey's use of a deadly weapon be found beyond a reasonable doubt by a jury.

We affirm the lower courts' judgment on the issues subject to our review.

\*\*\*

BEIER, J., dissenting:  I respectfully dissent from the majority's decision in this case.

I would not explicitly or implicitly overrule *State v. Charles*, 304 Kan. 158, 372 P.3d 1109 (2016). I have previously written:

> "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment,

8

certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), slip op. at 11-12 (Beier, J. dissenting).

As with the defendant in the *Meredith* case, relied upon by my colleagues in the majority, Darnell Lee Huey has met any burden of proof he bears on whether the imposition of the requirement of registration qualifies as punishment. Under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny, Huey cannot be subjected to that requirement on the basis of a judge-made fact finding that he used a deadly weapon. I would therefore vacate the requirement.

ROSEN and JOHNSON, JJ., join the foregoing dissent.

9