NOT DESIGNATED FOR PUBLICATION

No. 112,545

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICK HILL,
*Appellant.*

MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 11, 2015. Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed March 9, 2018. Judgment of the Court of Appeals vacating the sentence and remanding the case with directions is affirmed in part and modified in part. Judgment of the district court is reversed, sentence is vacated, and case is remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Chris Biggs*, special prosecutor, *Steven L. Opat*, county attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

PER CURIAM*:* The State of Kansas appeals the Court of Appeals' decision to vacate Rick Hill's sentence for the three aggravated assault convictions in this case and to remand to the district court to conduct a modified categorical analysis of Hill's prior Missouri burglary convictions in 2004 for criminal history purposes under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2013 Supp. 21-6801 et seq., and then to resentence Hill accordingly. *State v. Hill*, No. 112,545, 2015 WL 8590700 (Kan. App.

1

2015) (unpublished opinion). We affirm the vacation of Hill's sentence and the remand for resentencing, but we direct the district court to effect the resentencing by classifying Hill's 2004 Missouri burglary convictions as nonperson offenses in calculating his criminal history score.

FACTUAL AND PROCEDURAL OVERVIEW

Pursuant to a plea agreement, Hill was convicted by the Geary County District Court of three counts of aggravated assault arising out of an incident on April 22, 2014. The sentencing court found that Hill's criminal history score was A, based in part on classifying three prior Missouri second-degree burglary convictions arising out of a 2004 case as person offenses. The sentencing court followed the plea agreement and sentenced Hill to a controlling term of imprisonment of 32 months.

Hill appealed his sentence. A panel of the Court of Appeals determined that the relevant Missouri statute was a divisible statute and that it appeared to the panel "that at least one of the permutations of elements under which one can commit a Missouri burglary in the second degree matches the elements of a Kansas person felony burglary." *Hill*, 2015 WL 8590700, at *6. But the panel found that the district court had erred in classifying the prior Missouri burglaries as person offenses without conducting a "modified categorical analysis of the elements of the burglary statutes in question" or examining "the limited class of documents permitted by [*State v.*] *Dickey*[, 301 Kan. 1018, 1037-38, 350 P.3d 1054 (2015)]" (charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial) to determine whether 'a statute's alternative elements formed the basis of the defendant's prior conviction.'" 2015 WL 8590700, at *6.

2

The State petitioned for our review of the Court of Appeals' decision arguing that the application of the *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), test in this fashion is unnecessary. Principally, the State argues that the panel should not have used *Descamps* because that case merely clarified the specific procedure for applying a unique federal sentencing rule; in other words, the argument is that *Descamps* has no applicability in Kansas' classification of prior offenses as person or nonperson. Further, the State argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), plays no role in the classification of out-of-state convictions as person or nonperson offenses.

CLASSIFICATION OF MISSOURI BURGLARY CONVICTION AS PERSON OFFENSE

The question of whether the district court correctly classified Hill's prior Missouri convictions as person felonies is, in the first instance, a matter of Kansas statutory law. See *State v. Wetrich*, 307 Kan. ___, ___ P.3d ___ (2018) (No. 112,361, this day decided), slip op. at 9 (holding the comparability of offenses to be a legal question of statutory interpretation). Specifically, K.S.A. 2017 Supp. 21-6811(e)(3) provides as follows:

> "(3) The state of Kansas shall classify the [out-of-state] crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime."

3

*Standard of Review*

Classification of prior offenses for criminal history purposes involves interpretation of the KSGA; statutory interpretation is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

*Analysis*

As we noted in *Wetrich*, even if there might be constitutional constraints when considering prior convictions, we need not go beyond statutory construction to resolve this case. There, we construed K.S.A. 2017 Supp. 21-6811(e)(3) in light of the purposes behind the enactment of the KSGA and held:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at ____ (No. 112,361, this day decided), slip op. at 13.

*Wetrich* applied that test to Missouri's crime of second-degree burglary and found it to have broader elements than the Kansas burglary offense that is classified as a person offense. Without a comparable offense in effect in the Kansas criminal code on the date the current crime was committed, the district court was required to classify the Missouri burglary in the second degree conviction as a nonperson crime. 307 Kan. at ____ (No. 112,361, this day decided), slip op. at 15-16.

The same result obtains here. Moreover, given that we have determined, as a matter of law, that the prior Missouri burglary convictions are not comparable to a Kansas offense and, therefore, must be classified as nonperson offenses, there is no need

4

for the district court to engage in any further analysis. The district court is directed to calculate Hill's criminal history score based upon classifying the Missouri burglary convictions as nonperson offenses and to resentence Hill accordingly.

Reversed, sentence vacated, and case remanded with directions.