NOT DESIGNATED FOR PUBLICATION

No. 116,807

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT HARRIS KOBEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed April 13, 2018. Sentence vacated and case remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Scott Harris Kobel pled no contest to aggravated battery. He challenged his criminal history score on the presentence investigation (PSI) report, arguing that his prior burglary conviction from Missouri was incorrectly classified as a person felony. The district court found the person felony classification was correct and sentenced Kobel to 154 months with the Kansas Department of Corrections. Kobel appeals. Due to the recent decision in *State v. Wetrich*, 307 Kan. ___, 412 P.3d 984 (2018), we vacate his sentence and remand with directions.

1

On July 14, 2013, the State charged Kobel with aggravated kidnapping, rape, and attempted rape. Pursuant to a plea agreement, the State submitted an amended information, charging Kobel with aggravated battery, a severity level 4 person felony. The agreement was for Kobel to plead guilty to the amended information and, believing his criminal history score was A, the State would not oppose or request more than the mitigated sentence. Upon Kobel entering the plea, the State agreed to dismiss charges in another pending case. The parties further requested that the district court make a finding that the aggravated battery was sexually motivated, which triggered a 15-year offender registration requirement. The district court completed a thorough plea colloquy to ensure Kobel's understanding of the plea proceedings. Kobel submitted a plea of no contest. The State proffered that Kobel had choked the victim into unconsciousness. A claim that Kobel later confirmed to law enforcement. Further, Kobel indicated to officers that the purpose of committing the battery was his own sexual gratification. The court accepted Kobel's plea and found that the crime was sexually motivated.

On August 24, 2016, Court Services Officer Perry Chance submitted the PSI report to the parties. It showed Kobel's criminal history score was A. He had 12 prior convictions, which included 6 nonperson felonies, 3 person felonies, 2 nonperson misdemeanors, and 1 person misdemeanor. His criminal history and current offense as a level 4 felony provided an aggravated sentence of 172 months, standard sentence of 162 months, and mitigated sentence of 154 months. Importantly, a criminal history score of A requires at least three person felonies, whereas a criminal history score of B requires two person felonies. K.S.A. 2017 Supp. 21-6804(a). Because this offense was committed while Kobel was on postrelease supervision, this sentence was to be served consecutive to his prior sentence.

On August 29, 2016, Kobel filed an objection to the PSI report. The motion was heard prior to sentencing on September 2, 2016. Kobel objected to the person

2

classification of his prior burglary in the first degree from Jackson County, Missouri. Kobel was convicted under Mo. Rev. Stat. § 569.160 (2000), which stated:

"1. A person commits the offense of burglary in the first degree if he or she knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:

    (1)  is armed with explosives or a deadly weapon; or

    (2)  causes or threatens immediate physical injury to any person who is not a participant in the crime; or

    (3)  there is present in the structure another person who is not a participant in the crime."

In contrast, K.S.A. 2017 Supp. 21-5807 defines burglary as:

"(a) Burglary is, without authority, entering into or remaining within any:

    (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

    (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

    (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein."

Kobel claimed that the Missouri statute was overly broad, as it required intent to commit any crime. Whereas, because the Kansas statute restricts burglary to intent to commit a felony, theft, or sexually motivated crime, it is much narrower. He also contends that the district court was restricted from reviewing extra-statutory documents because the Missouri statute is indivisible. He asserted that for the court to classify his Missouri burglary conviction as a person felony, it had to find he had a narrower intent than that which is required by the Missouri statute. However, courts cannot find facts

3

outside of the fact of the conviction itself that would enhance a sentence beyond the statutory maximum.

The State contended that although the requisite intent for burglary in Missouri is broader, intent is not relevant to the person or nonperson classification of a felony because they both have the same intent requirement. The State asserted that the Missouri burglary statute was divisible because it laid out multiple alternative versions of the crime. The State submitted the information and journal entry of judgment from Kobel's Missouri conviction. Although Kobel objected to the documents' admission as evidence, the district court admitted them.

The district court denied Kobel's objection to the PSI report. In finding that the Missouri and Kansas burglary offenses were comparable, the district court noted the statute was divisible and it could look beyond the elements of the statute and examine extra-statutory materials. The Missouri information showed Kobel had entered an inhabitable structure while a person, who was not a participant in the crime, was present. The court subsequently sentenced Kobel to the mitigated sentence of 154 months with 36 months of postrelease supervision. Kobel appeals the classification of the Missouri burglary as a person felony and the court's use of prior convictions to enhance his sentence.

Kobel first argues the district court erred by classifying his prior out-of-state burglary as a person felony.

Determining whether a prior out-of-state conviction should be classified as a person or nonperson offense requires interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law, over which we have unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

In 2002, Kobel was convicted of burglary in the first degree in Missouri. According to K.S.A. 2017 Supp. 21-6811(e)(1), courts must classify defendants' out-of-state convictions to determine criminal history. If a crime is a felony in the other state, Kansas courts also consider it a felony. K.S.A. 2017 Supp. 21-6811(e)(2)(A). In Missouri, burglary in the first degree is a class B felony. The district court properly classified Kobel's prior conviction as a felony. Kansas courts must also classify out-of-state convictions as person or nonperson crimes. K.S.A. 2017 Supp. 21-6811(e)(3).

> "In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime." K.S.A. 2017 Supp. 21-6811(e)(3).

Kobel contends the district court erred in classifying his prior burglary conviction as a person felony because the Missouri statute contains a broader intent element. Burglary in the first degree in Missouri requires an intent for the offender to commit "any offense," whereas in Kansas the offender must have had an intent to "commit a felony, theft or sexually motivated crime." Mo. Rev. Stat. § 569.160; K.S.A. 2017 Supp. 21-5807. Kobel asserts that because of the different intent requirement, the Missouri and Kansas burglary statutes are not comparable. The person or nonperson designations are based on a comparison between the two states' statutes. Kobel argues the statutes are so dissimilar that by designating his prior burglary conviction as a person felony, the court performed prohibited fact-finding and, thus, violated his rights under the Sixth Amendment to the United States Constitution. Further, in arguing his motion to the district court, Kobel claimed that the Missouri statute is indivisible because it does not contain alternative elements that warranted the district court's use of the modified categorical approach.

5

The United States Supreme Court, in *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), adopted the formal categorical approach for classifying prior convictions. Using this approach, trial courts only look at the statutory definition of the prior offense, not any underlying facts. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court determined that it was unconstitutional for a legislature to remove from a jury the fact-finding responsibility that could increase an offender's sentence. 530 U.S. at 490 (citing *Jones v. United States*, 526 U.S. 227, 252-53, 119 S. Ct. 1215, 143 L. Ed. 2d 311 [1999] [Stevens, J., concurring]).

*Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), involved the classification of prior convictions for application under the Armed Career Criminal Act (ACCA), which increased sentences of certain federal defendants with three prior convictions for violent felonies. The Court determined that prior convictions qualify as ACCA predicates "only if the statute's elements are the same as, or narrower than, those of the generic offense." 570 U.S. at 257. The *Descamps* Court also clarified that whether the district court uses the formal categorical approach or the newer modified categorical approach depends on whether the statute is divisible. A divisible statute provides alternative versions of the offense, warranting use of the modified categorical approach to allow courts to determine which of the listed elements "played a part in the defendant's conviction." 570 U.S. at 260. When a statute is indivisible, it does not contain alternative elements or methods of committing the offense, the district court must use the formal categorical approach. 570 U.S. at 258. In *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2253, 195 L. Ed. 2d 604 (2016), the Court reiterated that application of the modified approach only serves as a tool to identify the elements of the crime of conviction when the statute contains multiple elements disjunctively. Because courts are not to use the approach as a technique to discover whether the prior conviction

6

relied on facts that satisfy elements of the generic offense, the two offenses must first be comparable. See 136 S. Ct. at 2254.

In *State v. Dickey*, 301 Kan. 1018, 1038-39, 350 P.3d 1054 (2015), the Kansas Supreme Court adopted the categorical and modified categorical approaches. The court further noted that in classifying a prior burglary conviction, the district court must determine whether the prior offense occurred involved a "dwelling." However, if making such a determination requires judicial fact-finding, the district court must classify the offense as a nonperson felony as the judicial fact-finding violates the defendant's constitutional rights. See 301 Kan. at 1021. The *Dickey* court held that to avoid prohibited judicial fact-finding, the dwelling requirement must have been an element of the prior offense. 301 Kan. at 1039.

In *Wetrich*, 412 P.3d at 990-91, the Kansas Supreme Court adopted the identical-or-narrower rule, finding that permitting district courts to make "imprecise, ad hoc comparison[s]" of out-of-state convictions was contrary to the purpose of the KSGA. Equal treatment of offenders is the principle of the KSGA and Kansas courts can only ensure balanced and consistent outcomes through use of the identical-or-narrower rule. 412 P.3d at 991.

The *Wetrich* court determined that Missouri's statute for burglary in the second degree contains two broader elements than the Kansas statute—intent and structure. 412 P.3d at 992. Missouri's first and second degree burglary offenses have identical generic elements, the two statutes vary in the additional elements required for the more severe offense. The Kansas burglary offense requires the intent to commit a felony, theft, or sexually motivated crime, whereas Missouri's requires the intent to commit any crime. The Missouri statute classifies a multitude of criminal acts as burglary that, while still criminal, are not classified as burglary in Kansas. 412 P.3d at 992-93. Kobel correctly concluded that the intent element was broader, making the offenses incomparable. When

7

Kansas does not have a comparable offense in effect at the time the current crime of conviction was committed, the out-of-state conviction must be classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3). Because Kansas did not have an offense comparable to Missouri's burglary offense in effect at the time Kobel committed the aggravated battery in Kansas, his prior out-of-state conviction must be classified as a nonperson felony. We vacate Kobel's sentence and remand for resentencing with a criminal history score of B.

Kobel next argues the district court violated his constitutional rights by using his prior convictions to increase his sentence.

A challenge to the constitutionality of the KSGA involves a question of law, over which this court has unlimited review. *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002).

Kobel contends that, according to *Apprendi,* because his prior convictions were not included in the complaint and the State did not prove them beyond a reasonable doubt, using the convictions to increase the maximum penalty violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. He acknowledges that this issue has been previously decided and he included it to preserve the issue for federal review. The State asserts that the Kansas Supreme Court has resolved this issue in *Ivory*, when it determined that using defendants' criminal history score as a basis for sentencing under the KSGA does not present an *Apprendi* issue. 273 Kan. 44, Syl.

In deciding *Apprendi*, the Supreme Court did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), but instead created a narrow exception to the rule. 530 U.S. at 489-90. In *Almendarez-Torres*, the Court determined that the United States Constitution does not require the prosecution to

submit the fact of a prior conviction to a jury and prove that fact beyond a reasonable doubt. 523 U.S. at 226-27. The *Apprendi* Court stated that "[o]ther than the fact of a prior conviction," facts that increase the penalty must be proven by a reasonable doubt and submitted to a jury, creating the one narrow exception to the rule. 530 U.S. at 489-90. Therefore, the use of an offender's criminal history as a basis for sentencing is constitutional.

We vacate Kobel's sentence and remand for resentencing with a criminal history score of B.

Sentence vacated and case remanded with directions.