NOT DESIGNATED FOR PUBLICATION

No. 123,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY ANDREW REINERT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 8, 2022. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Kimberly A. Rodebaugh*, senior assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.


PER CURIAM: Cody Andrew Reinert pleaded guilty to one count of aggravated indecent liberties with a child. The applicable statute mandates that courts sentence those convicted of that crime to lifetime postrelease supervision if they are age 18 or older at the time of the offense. Accordingly, the district court sentenced Reinert to 59 months in prison followed by lifetime postrelease supervision. Reinert contends that he did not admit that he was over 18 when he committed the crime and that forms the foundation for his appeal to us. He specifically argues that the sentencing court violated his Sixth Amendment right under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.

1

Ed. 2d 435 (2000), because he did not admit that he was over 18 when he committed the crime. We affirm Reinert's sentence for three reasons: (1) Reinert admitted he was over 18 several times throughout the proceedings; (2) the lifetime postrelease supervision is not the type of sentencing enhancement contemplated by *Apprendi* or its progeny; and (3) even if the district court erred, the error was harmless.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, Hutchinson law enforcement officers arrested Cody Reinert after a local woman reported her 14-year-old daughter confessed to having sex with 25-year-old Reinert. Reinert applied for appointed defense services, and on his financial affidavit, he provided his age as 25 years old and a birthyear of 1994.

In September, Reinert pleaded guilty to one count of aggravated indecent liberties with a child between 14 and 16 years old. No written plea agreement exists or, at least, none was provided to us. At the plea hearing, Reinert waived his right to a preliminary hearing, confirmed that his plea was willing, assured the court that he understood the charge, and waived his rights to arraignment and a jury trial. Reinert then entered a guilty plea and, in so doing, affirmatively stated that he had sex with a person between 14 and 16 years old—both of which are elements of the crime. The district court accepted the plea and set the case for sentencing.

Prior to sentencing, Reinert filed a motion seeking a departure sentence. He stated that he was 25 years old at the time of the offense and requested leniency because of what he characterized as his young age. Also, before sentencing, an investigator completed a presentence investigation (PSI) report for the court which reflected that Reinert was 25 at the time of the offense.

At the sentencing hearing, Reinert and his attorney acknowledged they had reviewed the PSI report and had no objections. In support of their departure motion, Reinert's attorney argued that the court should depart from the presumptive sentence because Reinert "was only 25 at the time this happened. There's plenty of time for him to be rehabilitated and not commit any other offense ever again." The State and the victim's mother urged the court to deny Reinert's motion. The district court declined to find that Reinert's age provided a substantial and compelling reason to deviate to probation and sentenced him to 59 months in prison followed by a lifetime of postrelease supervision.

Reinert timely appeals.

ANALYSIS

DID THE DISTRICT COURT VIOLATE REINERT'S RIGHTS UNDER *APPENDI*?

Reinert's sole argument on appeal is that the district court improperly found that he was over 18 years old when he committed the crime. He claims that because he did not waive his right to have a jury find his age, the district court engaged in judicial fact-finding that increased his sentence in violation of *Apprendi*.

The statutory backdrop is straightforward. Reinert pleaded guilty to aggravated indecent liberties with a child under K.S.A. 2019 Supp. 21-5506(b)(1). Under K.S.A. 2019 Supp. 22-3717(d)(5)(B), that offense is classified as a sexually violent crime. Correspondingly, K.S.A. 2019 Supp. 22-3717(d)(1)(G)(i) mandates that district courts sentence individuals found guilty of sexually violent crimes to lifetime postrelease supervision if they were age 18 or older when they committed the crime. By contrast, under K.S.A. 2019 Supp. 22-3717(d)(1)(G)(ii), offenders who were under 18 when they

3

committed a sexually violent crime must be sentenced only to 60 months of postrelease supervision. Here, the district court followed the provision that addresses Reinert's situation because he was 25 years old when he committed the crime.

Two important constitutional protections are at issue: the protection the Fourteenth Amendment to the United States Constitution provides against the deprivation of liberty without due process of law and the protection of the Sixth Amendment's right to trial by jury. See *Apprendi*, 530 U.S. at 476-77. Whether a district court violates a defendant's *Apprendi* rights at sentencing raises a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015). Although Reinert neglected to object on those grounds at the district court, he sufficiently argues that we may consider his claim for the first time on appeal because it is a pure legal question arising out of undisputed facts. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

In *Apprendi*, the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490; see *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 6233 (2004) (applying *Apprendi* to guilty pleas). So when a judge independently makes factual findings that result in an increase to a defendant's sentence, it can lead to a violation of that individual's Sixth Amendment rights. See *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). For *Apprendi* purposes, the "'statutory maximum'" is the maximum sentence a judge may impose based solely on facts encompassed in the jury verdict or admitted by the defendant. *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

4

*A. Did Reinert admit his age?*

Reinert argues the district court violated his *Apprendi* rights because he never admitted to being at least 18 years old at the time of the crime. But as the State points out Reinert *did* admit, several times, that he was 25 years old when he committed the offense. Interestingly, Reinert contends that any statements he made about his age are irrelevant because they were not knowing and intelligent admissions of a fact that could increase his sentence.

A panel of this court addressed the same issue in *State v. Schmeal*, No. 121,221, 2020 WL 3885631, at *9 (Kan. App. 2020) (unpublished opinion). There, Joshua Schmeal, who also pleaded guilty to aggravated indecent liberties with a child and was sentenced to lifetime postrelease supervision, admitted he was 19 years old on his plea agreement and his financial affidavit for appointed counsel. At the plea hearing, the State mentioned his age in its factual recitation and Schmeal affirmed the accuracy of the State's facts. Before this court, Schmeal challenged the district court's finding of his age under *Apprendi*. But because he repeatedly admitted his age before the district court imposed lifetime postrelease supervision, the panel found an *Apprendi* violation did not occur. 2020 WL 3885631, at *9.

Prior to *Schmeal*, several panels of this court applied the same reasoning to reach similar conclusions. In *State v. Haynes*, No. 120,533, 2020 WL 741458, at *2-3 (Kan. App. 2020) (unpublished opinion), Joshua Haynes admitted he was 32 years old during his forensic interview and provided the same age on his financial affidavit and during his plea colloquy. The *Haynes* court held these repeated admissions were sufficient to trigger the lifetime supervision requirement and avoid an *Apprendi* violation. In *State v. Cook*, No. 119,715, 2019 WL 3756188, at *2 (Kan. App. 2019) (unpublished opinion), the charging and plea documents reflected an age of 29 years old for Jerome Cook, and when he entered his plea, he admitted to being that age at the time of the offense. There too,

5

this court found the admissions rendered Cook's *Apprendi* claim unpersuasive. Finally, in *State v. Zapata*, No. 120,529, 2020 WL 741486, at *5 (Kan. App. 2020) (unpublished opinion), the court denied Oscar Zapata's *Apprendi* challenge because he acknowledged he was 22 years old on several documents prior to entering his guilty plea.

This case presents similar facts. When Reinert requested appointed counsel, he acknowledged he was born in 1994 and 25 years old. When he pursued a departure sentence, he pointed to his age of only 25 years old as justification for the more lenient sentence of probation rather than prison. Then at the sentencing hearing, Reinert did not object to the PSI report, which listed his age as 25, and his attorney argued in support of his departure motion that the fact Reinert was only 25 years old when he committed the crime constituted a substantial and compelling factor for probation. So, both before and after Reinert's guilty plea, he acknowledged his age in front of the district court. See *Haynes*, 2020 WL 741458, at *3 (listing pre-plea and post-plea admissions as sufficient to establish that Haynes was over 18 at the time of the crime); *Cook*, 2019 WL 3756188, at *2 (same). Moreover, Reinert's argument on appeal contradicts the thrust of his sentencing argument to the district court that his age demanded leniency. We join with the *Schmeal*, *Haynes*, *Cook*, and *Zapata* panels and hold that Reinert's admissions to the district court were enough to enable the court to properly sentence him to lifetime postrelease supervision under the applicable statute.

### B. Is lifetime postrelease supervision a sentence enhancement of the kind contemplated by Apprendi?

Reinert claims the district court violated *Apprendi* because lifetime postrelease supervision is a sentence which exceeds the statutory maximum. The *Schmeal* panel expressly rejected this argument and held that because the statute does not require the court to find a substantial and compelling reason to impose it, lifetime postrelease

6

supervision is the statutory presumptive sentence, not an upward departure from the statutory maximum. 2020 WL 3885631, at *10; see also *Haynes*, 2020 WL 741458, at *3 (same).

Indeed, *Apprendi* has its limits. There, Justice Stevens wrote for the majority, "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" 530 U.S at 494. In *State v. Anthony*, 273 Kan. 726, 45 P.3d 852 (2002), a jury found William Anthony guilty of aggravated indecent liberties with a child. The district court extended his postrelease supervision period from 36 to 60 months based on the court's postconviction findings, so on appeal Anthony claimed that an *Apprendi* violation occurred. But since the applicable statute authorized the court to extend the postrelease supervision period for a sexually violent crime, the crime for which the jury returned a guilty verdict, the district court did not need to make any additional findings to impose the sentence. To that end, the extended postrelease supervision sentence did not violate *Apprendi*. *Anthony*, 273 Kan. at 729.

So too here, K.S.A. 2019 Supp. 22-3717(d)(1)(G)(i) requires district courts to sentence offenders age 18 or older, who are convicted of sexually violent crimes, to lifetime postrelease supervision. As the *Schmeal* panel reasoned, then, lifetime postrelease supervision is the presumptive sentence, not a departure from the statute's commands, and does not require the sentencing court to make additional findings. This is distinguishable from cases like *Apprendi*, where the statute authorized the sentencing court to increase an offender's sentence if it independently determined that he or she committed the crime because of the victim's race. See 530 U.S. at 468-69. Instead, the statute places adults like Reinert, who plead guilty to sexually violent crimes, into a category with one possible sentence. The district court did not depart from that statutory scheme.

7

*C. Harmless error*

Even if we did conclude an *Apprendi* violation occurred, any such error is subject to a harmlessness inquiry. In *Washington v. Recuenco*, 548 U.S. 212, 220-22, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), the United States Supreme Court held that *Apprendi* violations are not "structural errors," or the type of fundamental constitutional violation which is so harmful it requires automatic reversal. To that end, an *Apprendi* error is harmless if the reviewing court finds beyond a reasonable doubt that the omitted sentencing factor was uncontested and supported by overwhelming evidence and thus a jury verdict would have been the same without the error. *State v. Garza*, 290 Kan. 1021, 1031, 236 P.3d 501 (2010).

Garza mounted a similar *Apprendi* challenge based on a jury's failure to find that he was over 18 when he committed the offense. On appeal, the Kansas Supreme Court highlighted testimony that Garza was over 18 at the time of the crime and the lack of any dispute about his age during the proceedings. These facts left the court convinced that the outcome would have been the same if the jury had specifically been asked to determine whether Garza was over 18 when he committed the crime rendering any error harmless. 290 Kan. at 1032. In *Schmeal*, the panel similarly found that the record was "void of any conflicting evidence regarding [Schmeal's] age." 2020 WL 3885631, at *11. On that basis, any error was harmless. But see *Schmeal*, 2020 WL 3885631, at *18 (Atcheson, J., concurring) (explaining why the harmless error rule "does not obviate Schmeal's inadequate [really nonexistent] jury trial wavier on age as a sentencing factor").

Here too, Reinert's age was never in dispute or doubt during the proceedings before the district court. To the contrary, Reinert filed several documents that professed his age and his counsel cited his age on the record at the sentencing hearing. We are

8

confident that error did not occur, and even if any *Apprendi* issue could be identified, it did not affect the outcome of the proceedings.

Affirmed.